*320 OPINION of the Court, by
Judge Boyle.
— It ap^ pears, from the allegations and admissions of the parties ■ case, that in 1789 a company was formed for the purpose ol establishing a cotton manufactory in the town 0f Danville ; that the plaintiffs and Thomas Barbee, dec’d. under the name of managers, were appointed agents to superintend and manage the affairs of the com *321 pany ; that, in execution of their agency, they addressed a letter to John Brown, then at Philadelphia, requesting him, in the name and for the benefit of the company, to purchase the necessary machinery, and employ persons with the requisite skill to carry on the manufacto-ry, and forward them to Kentucky ; that Brown, in accomplishing the objects of the managers, found it necessary, in addition to the money they transmitted to him, to advance of his own a considerable sum, which after-wards, on an adjustment of his accounts, was, by a note in writing, signed by the plaintiff Innes and Thomas Barbee, dec’d. tw® of the managers, acknowledged to be due to him from the company ; that the project after-wards having failed, the house, and other property belonging to the company, were sold by the sheriff, under executions for debts due from the company: and that a considerable part of Brown’s demand still remaining unpaid, Thomas Barbee, dec’d. gave him an order upon the sheriff for the amount, to be paid from the sale of the house, called the manufactory. On this order, the sheriff having paid but a small part of it, Brown instituted a suit at law against the defendant, as executor of Thomas Barbee, dec’d. and recovered judgment by confession, reserving equity. The defendant then filed his bill, with an injunction, and made Brown and the plaintiffs defendants thereto ; and, on the hearing of the cause, the court below decreed the injunction to be dissolved and the bill to be dismissed as to Brown, and that_ the plaintiffs should pay to the defendant two thirds of the amount of the judgment at law.
money not paid But perfons acting as managers, not members of.the af-fociation, and having no inte-reft, are not refponfible foe company debts contracted by them as managers, unlefs for fraud, excefs o£ their authority, receipts of over — Hodgjorv vs. Dexter, i Craneh 363— M.'Beath vs* Haidimand, 1 Term Rep, 172 —-Unwin vs. IVolfeley, I Term Kep, 674.
The first, second and third errors assigned in the case question the propriety of the decree against the plaintiffs in toto, and involve the enquiry whether they are in any degree responsible to the defendant.
It is evident that the company are liable to the defendant for the amount he has been, or may be compelled to pay bn their account. As the company was not an incorporated body, the total exhaustion of the property put into common stock in the payment of demands upon the company does not exonerate the members of it from further responsibility. They continue responsible in their individual capacities to the full amount of every debt justly due from the association.
*322 BLlt it does not appear that the plaintiffs in this cas& ^'rere members of the association, or that they were any otherwise concerned than as managers or agents for the company. In that capacity they could make themselves personally liable only by acting fraudulently, or exceeding their authority, or by receiving money belonging to the association which they had not accounted for ; but none of these charges are alleged by the defendant, nor does there appear any thing in the cause by which such charges could be supported.
Upon the whole, the court are clearly of opinion that the decree is erroneous. ,