In the matter of William Calder. 

## NEW YORK — CHAMBERS.

### August, 1853.

### Before Edmonds, Justice

---

## In the matter of William Calder.

On an application by a foreign goverment for the extradition of a fugitive from its justice, the warrant can be granted only where, by the laws of this State, the evidence of guilt is strong enough to justify an indictment against him, and his detention for trial thereon.

It will not be proper to hold the accused in custody for an indefinite period, for the foreign government to procure the deficient evidence, where it does not appear that it could not as well have been supplied in the first instance.

In this case, the British minister to this country sued out a warrant for the arrest of the accused, as a fugitive from justice, under the treaty between Great Britain and the United States, in which treaty special provision had been made for the jurisdiction by State officers.

The proceedings on the arrest of the accused appear from the following report made by the judge to the President of the United States

*To the President of the United States :*

I, John W. Edmonds, Presiding Justice of the Supreme Court of the State of New York, do certify and report:

That pursuant to the annexed mandate under the seal of the United States, and bearing date on the 12th day of August, 1853, application having been made to me therefor by Charles Edwards, Esq., of counsel for and in behalf of her Britannic Majesty's envoy extraordinary and minister plenipotentiary, and pursuant to the act of congress entitled "an act for giving effect to certain treaty stipulations between this and foreign governments, for the apprehension and delivering up of certain offenders," approved August 12th, 1848, I issued my warrant for the apprehension of the above named William Calder,

In the matter of William Calder.

charged before me with having committed the crime of forgery within the jurisdiction of the kingdom of Great Britain, and having sought an asylum within the territories of the United States, to wit, in the city and State of New York.

And I do further report that on the 20th day of August, inst., the said William Calder was brought before me on such warrant, and it was then and there distinctly stated to him what the charges were which had been preferred against him, and it also being stated in his presence that it was only on the ground of the forgery charged that his extradition was demanded, whereupon he denied himself to be guilty of the said charges or any of them, and being then and there told by me that he might appear by counsel before me, if he so desired, and defend himself, I adjourned the further hearing of the said matter, to a future day, and so by divers adjournments until this day, the twenty-third day of August aforesaid.

And I do further certify and report that on this said twenty-third day of August, the said William Calder was again brought before me, the above-named Charles Edwards, Esq., appearing in behalf of the British government, and I then and there, in the presence of the several parties proceeded to hear and consider the evidence of the criminality of the said Calder as to the said charge of forgery, which evidence consisted of the petition of Thomas Toderick, procurator fiscal of court for the public interest unto the honorable the sheriff of the county of Haddington, and his substitute, and the depositions of James S. Taylor, of Dennis McLaughlin, of James Campbell, and James Duffy, taken before John Ferme, sheriff, substitute of the county of Haddington, with the pay lists and vouchers thereto annexed, which said lists, vouchers, and depositions are hereto annexed, and marked by and certified under my signature. And consisted also of the parol evidence given before me by James S. Taylor and James Leonard, which was by me reduced to writing and signed by them, and is also hereto annexed.

And I do further certify and report, that in my opinion the evidence of the criminality of the said Willlam Calder of the crime of forgery charged against him is not sufficient to sustain the said charge under the provisions of the treaty between Great Britain and the United States of America.

In the matter of William Calder.

In this, that without considering whether the said depositions taken abroad were so verified that they could be used in this country, and regarding the fact of forgery as being sufficiently established, there is not sufficient evidence before me to satisfy me that the said William Calder did commit said forgery, or that there was probable cause even for charging him therewith, and that therefore the evidence of his criminality, according to the laws of the State of New York, would not justify his apprehension and commitment for the trial of the crime or offense, had there been any committed.

And I do further certify, that the following are the reasons for my said opinion.

The evidence of said Calder's criminality consists, first, in the fact that he was so circumstanced that he might have committed the offense; second, that he fled from Great Britain; third, that he concealed himself on board the ship when sought to be arrested on my warrant; and fourth, the opinion of the complainant and pursuer, Taylor, that the signatures charged to be forgeries are in the proper handwriting of said Calder.

As to the first consideration, it appears that the witnesses, Duffy and Taylor, were situated in like manner that they might have committed the offense as well as Calder, and this evidence was no stronger against him than it was against them.

As to the second consideration, it appears that he had forfeited the confidence of his superior officers for some alleged misconduct, and had been degraded from his separate command, and had, therefore, determined to desert his position as a private duly enrolled in the corps of royal sappers and miners.

As to the third consideration, it appears that he had an erroneous impression that so long as he was on the water he could be arrested for desertion, and carried back to Great Britain, and that it could not be until he had actually touched his foot on the American soil that he would be free, and that seeing Corporal Taylor, under whose command he had served, approach the ship with the officer charged with the execution of my warrant, while said vessel was approaching the port of New York, and before she had reached the dock, he had concealed himself to avoid arrest and detention for his desertion.

And as to the fourth consideration, it appeared that the forgery

In the matter of William Calder.

might as well have been committed by the said witnesses, Duffy or Taylor, as by the accused Calder. The only evidence was, as I have said, that of the witness Taylor, from his knowledge of Calder's handwriting, and a comparison of handwriting made by him.

Such evidence by one witness alone, even from a witness beyond all suspicion, would not of itself be sufficient to justify the commitment of the accused for trial, much less when coming from one who, under the circumstances, might himself have committed the offense.

But there was another consideration which does not so much appear from the annexed papers, but which appeared before me, and materially influenced my opinion, and that was the manner in which the witness Taylor gave his testimony before me. He testified very positively to facts which, from his own account, he could not know to be true, and he varied his testimony from time to time to meet objections which I suggested, and supplied, by positive averments, defects which he thus discovered had arisen from his previous statements. Under such circumstances I should have felt myself called upon to charge a jury that it would not be safe to rely upon his testimony, and I did not feel myself warranted in relying upon it, unsupported as it was by any other evidence.

Therefore it is that I do hereby certify and report to the President of the United States that there is not evidence enough of the criminality of the said Calder, according to the laws of the State of New York, to justify his apprehension and commitment for trial for the said offense of forgery, if the same had been committed in this State.

Given under my hand and seal at the city of New York, this twenty-third day of August, A. D., 1853.

(Signed)    J. W. EDMONDS, [L. s.]

*To the President of the United States :*

I beg leave further to report, that after my opinion of the 23d of August, inst., was promulgated in this matter to the several parties interested therein, application was made to me, on the affidvaits of Anthony Barclay and James S. Taylor, hereto annexed, by Charles Edwards, Esq., before named, appear-

ing in behalf of the British government, for a postponement of my final action in the matter, until evidence could be obtained from Great Britain to supply the defect on which I had expressed my opinion, that the accused ought not to be delivered up for extradition.

And after maturely considering the said application, I report that I am of opinion that it is not within my power to grant said application, the same resting, if anywhere, in the government of the United States, and therefore I decline to grant said application.

In witness whereof I have hereunto set my hand and seal, this 29th day of August, A. D., 1853.

(Signed)     J. W. EDMONDS, [L. S.]

At a subsequent day, and before the accused was discharged from custody a motion was made by Mr. Charles Edwards, on the part of the English government, that the prisoner, William Calder, be detained in custody for a reasonable time, to give the applicants an opportunity of obtaining further and satisfactory evidence of the prisoner's guilt.

He urged that the court had full power to detain the prisoner; that it was the custom to do so upon preliminary examinations, whether the prisoner was arrested for crime committed in this State or in any of the United States, where there was a reasonable probability that further evidence could be obtained; and that the length of the detention depended upon the peculiar circumstances of each case.

That he would ask for no more time than was required for procuring the evidence which was deemed necessary by the court; that he would use the quickest agents of conveyance, and guaranty the production of competent and conclusive testimony.

He further said that the commission of the crime had been established, together with the presence of the prisoners at the time of its commission.

In the course of the argument the following letter from Secretary Marcy was read.

In the matter of William Calder.

DEPARTMENT OF STATE, WASHINGTON, Sept. 1, 1853.
*To the Hon. J. W. EDMONDS, Judge of the Supreme Court, New York City:*

SIR: Your letter of the 29th ultimo, and the papers in the matter of the extradition of William Calder, have been received and duly considered.

The conclusion arrived at, after full consideration, is, that the executive of the United States has no authority to control the action of the judge, who, by the treaty, is charged with preliminary examination of the accused. He alone can determine whether the proof of guilt is such as to warrant the detention of the prisoner, for the purpose of being sent to the country where the offense was committed, for trial.

It is not doubted here, that you have the power to remand the accused, if, in your judgment, there be cause for doing so. If you have doubts on this point, it is respectfully suggested that you reconsider this question; but, granting the power, it is for you to determine whether the circumstances call for the exercise of it in this case.

As there may be further proceedings in the case, it may be convenient for you to have the papers sent to me; I therefore return them to you.

I am, sir, your obedient servant,

W. L. MARCY.

Mr. Holmes appeared for the prisoner, and submitted the case upon a brief survey of the point in question.

Judge EDMONDS made the following report:

*To the President of the United States:*

I, JOHN W. EDMONDS, Justice of the Supreme Court of the State of New York, do further report:

That, in compliance with the suggestion contained in the communication of the State Department to me, under date of the 1st Sept., inst., I have taken into mature consideration the application, on the part of the British government, to suspend the discharge of the prisoner until further evidence of his guilt may be brought from abroad, and am of opinion that such application ought not to be granted.

---

In the matter of William Calder.

In the first place, my decision on the question of the prisoner's guilt, as founded on all the evidence which the British government laid before me, was finally pronounced before any such application was made to me; and the application is, therefore, not to postpone the examination, for that was brought to a close by my decision, but to open it again for the reception of further testimony, and that without any allegation that it has been newly discovered since that adjudication. Such, it appears to me, is the application; and to grant it, would be quite irregular, and without sound precedent.

In the next place, though there is no definite time within which such an examination must be brought to a close — I mean an examination preliminary to a commitment for trial — yet the practice in this State has been like that in England, requiring it to be brought to a close within three days, unless some extraordinary circumstances should justify a longer delay.

Now there is not in this case any such extraordinary circumstance. It is the ordinary case of a complainant who fails, for want of evidence, to make out his charge, when, if the charge is true, the evidence that is wanting was just as much at his command, as any other part was. So that, in fact, the application is to detain the prisoner in custody until the complainant can supply the consequences of his own remissness. This would by no means justify so long a detention as is asked for in this case, if it would warrant any.

In the third place, I entertain strong doubts whether, in any case of extradition, where the demanding government has failed to make out its case, it would be proper to hold the accused in custody until further evidence from home could be sent for and procured. I can find no warrant for such a proceeding, either in the treaty, or the act of congress; but, on the other hand, an implication, at least, that the demand is to be made on evidence sufficient to warrant the arrest and detention of the accused.

Under these circumstances, I have refused the application for delay, and discharge the accused from custody under my warrant. Given under my hand and seal, at the city of New York, this sixth day of September, 1853.

                                        J. W. EDMONDS [L. S.]