TIBBETTS, Treasurer of the Forestville Division No. 411, Sons of Temperance, *vs.* BLOOD and TUBBS.

Where a promissory note is the property of a company or association, composed of not less than seven persons, having a treasurer, an action may be brought thereon, in the name of such treasurer.

The complaint in such action need not state the names of seven of the associates. It is sufficient if it avers that the association consists of seven associates, and upwards.

APPEAL from a decision made at a special term, overruling a demurrer to the complaint. The complaint stated that one Charles Brown was the treasurer of a certain association consisting of seven associates and upwards, in the town of Hanover, known as Forestville Division No. 411, Sons of Temperance. That the defendants, on the 2d of January, 1852, made, executed and delivered their certain promissory note in writing to said Brown, the treasurer of the association, and duly authorized to receive it on behalf the association, as follows: "Nine months after date we jointly and severally promise to pay Charles Brown, or bearer, fifty dollars, and interest every three months, for value received. Jan. 2, 1842." That the note was given for the benefit of the association, and was and still is the property of the members of the said association, and owned by the said members in common. That Henry Tibbetts

is now the treasurer of the said association, and is the successor of the said Brown ; that Tibbetts is now the holder of the note, as the treasurer of the association, and for and on behalf of the association, &c. &c. The defendants demurred, stating many grounds. Those relied upon, sufficiently appear in the opinion.

*George Barker,* for the appellants. I. The complaint alleges the note to be the property of seven persons with others, owned by them in common, none of whom are named as parties plaintiff. The action should have been brought in the names of the owners.

II. The plaintiff has no interest in the subject matter of the suit. The acts of 1849 and 1851, allowing actions to be brought in the name of certain officers of joint stock companies and associations, relate only to such companies and associations as are organized by some special or general statute ; for all voluntary associations are mere copartnerships. ( *Wells & Webb* v. *Gates and others,* 18 *Barb.* 554. *Collyer on Part.* § 1081.)

III. If the legislature intended these statutes to extend to mere voluntary copartnerships, the statute should be so construed as to limit the privilege to such companies as were known to the law and recognized prior to the passage of these acts ; and the complaint should contain averments showing the character, and nature and manner of organization of the association suing by its officer.

IV. These statutes cannot extend to social, moral or benevolent associations, where none of the aims and objects or voluntary obligations of the associated are the subject of legal enforcement, and where the effects of the association are not liable in the particular suit. The officer suing is not liable for costs. ( *See* § 3, *act of* 1849. *Nash* v. *Russell,* 5 *Barb.* 556.)

V. The name of the association does not import its object ; and calling it an association, without stating its aim and object and· manner of formation, does not make it one that can be recognized by law.

VI. The complaint should state the names of at least seven of the associates, so that the defendant can take issue on the

Tibbetts *v.* Blood.

question, whether there be a sufficient number of associates to sue by their officers.

*D. Sherman,* for the respondent. I. The first ground of demurrer is not authorized by the code. (§ 144.) The remedy is by motion to strike out the complaint. (2 *Sandf.* 651.) .

II. The second ground of demurrer is not authorized by the code, unless it comes under the 2d sub. of sec. 144, viz: "That the plaintiff has not legal capacity to sue," and the answer to this and the third ground of demurrer is, that the statute has expressly given every association like that named in the complaint, authority to sue in the name of its treasurer. (*Sess. Laws of* 1849, *ch.* 258; *and Sess. Laws of* 1851, *ch.* 455.) It is not the treasurer who brings the suit. The Forestville Division brings the action, in the name of its treasurer, as provided by statute. If the Division has not authorized the bringing of the suit, the remedy is by motion to dismiss it, and not by demurrer.

III. The only important question raised by the demurrer is whether the act of 1851 was intended to apply to voluntary associations. It was not intended to apply to religious incorporations, because they are authorized by statute to sue in the name of the trustees thereof. (1 *R. S.* 1181, § 4.) Nor was said act intended to apply to incorporated societies for benevolent, charitable, scientific or missionary purposes, because such societies are required by statute to have a corporate name, and to sue and be sued in such name. (*Laws of* 1848, *ch.* 319.) Nor was the act intended to apply to any incorporated associations, or to joint stock companies, because the act of 1849 authorized all such to sue and be sued in the name of their treasurer or president. The wording of the act of 1851 shows conclusively that it was not intended to apply to incorporations of any kind, but simply to companies and associations unincorporated, because it speaks of the persons composing the association as being owners of the property, and being liable, as individuals, to an action on account of such ownership. Such language would not apply to corporations. Neither the words,

Tibbetts *v.* Blood.

" company" nor "association" usually mean a corporation, and to give them such meaning in this statute is a forced and unnatural construction.    Words must be used in their most known and usual signification, unless they appear plainly to have been used in another sense.    (1 *Bouvier's Institutes,* 41. 15 *John.* 358.)    It is a matter of history, that a few years prior to 1851, there sprung up in this state a number of thousands of voluntary associations, known under different names, as divisions of Sons of Temperance, Rechabites, Good Templars, Odd Fellows' lodges, &c.    Each association had a treasurer who was required to give bonds for the safe keeping of the funds received from the payment of weekly dues of the members, and from other sources.    The funds of these associations gradually accumulated, and in the country towns were usually loaned out upon promissory notes, like that named in the complaint in this action.    As some of these fell due, and were not paid, the question arose as to how their collection could be enforced.    The notes or securities being owned by all the members of each association in common, it became necessary to sue in the name of all the members.    This was frequently a very difficult matter, both on account of the number of members and the constant changing of membership.    The subject was generally discussed in these different associations, especially among those located in the country, and, by a pretty general concert of action, they petitioned the legislature to pass a law so that suits could be brought in the name of the treasurer or president of each association, and the result was the passage of the act of 1851, referred to above.

IV.  The individuals composing such an association are personally responsible, to the full extent of the indebtedness of the association, and the laws respecting them and ordinary partnerships are the same.    ( *Wells & Webb* v. *Gates and others,* 18 *Barb.* 554.)

V.  It was not necessary to allege in the complaint the nature of the business of such association, nor that the note was given in a lawful business ; nor in a business which said association might pursue ; nor was it necessary to set forth the

consideration of the note. The legal presumption is, that every promissory note is given in the course of business, and for value. (*Bank of Orleans* v. *Barry*, 1 *Denio*, 116.) These objections can only be taken by answer. (*The Union Mutual Ins. Co.* v. *Osgood*, 1 *Duer*, 707.)

*By-the Court*, MARVIN, J.   The principal objection made by the defendants is that the note is the property of seven or more persons, and that they should have brought the action in their names, as plaintiffs ; that the action cannot be brought in the name of Tibbetts as treasurer. This position is undoubtedly correct, unless the statute of 1851, chap. 455, applies to the case. The plaintiff's counsel insists that the statute does apply, and does not claim that the action can be maintained upon any other ground. Let us proceed at once to an examination of the statute. It is an act to extend the " act in relation to suits by and against joint stock companies and associations" to companies having a joint or common interest in property. The act thus extended is chap. 258 of the session laws of 1849. And by the first section of that act it is enacted that "any joint stock company or association, consisting of seven or more shareholders, or associates, may sue and be sued in the name of the president or treasurer for the time being, of such joint stock company or association. The effect of the suit is to be the same as though it was prosecuted in the names of all the shareholders or associates. The act of 1851 declares that the act of 1849 is thereby extended to any *company* or *association* composed of not less than seven persons, who are owners of, or have an interest in, any property, right of action or demand, jointly or in common, &c. ; and that the action may be brought and maintained in the manner provided in that act.

It is clear, to my mind, that the act of 1849 does not include this case. The " Forestville Division No. 411, Sons of Temperance," is not a joint stock company or association, within the meaning of that act. It will not be necessary to inquire to what uses, in this state, that act may be applied. The act of

Tibbetts *v.* Blood.

1851 is far more comprehensive. It applies to any *company* or *association* composed of not less than seven persons who are owners of, or have an interest in, any property, right of action, or demand, jointly or in common, &c.

It is alleged substantially, in the complaint, that the " Forestville Division No. 411, Sons of Temperance," is an association composed of seven persons and upwards ; that the note was given for the benefit of the association ; that it is the property of the members of the association and owned by them in common. Tibbetts, in whose name the action is brought, is the treasurer of the association. In my opinion the statement authorizes the action to be brought in his name. The statute does not designate the kind of company or association, or characterize it in any manner, so as to show or indicate that it was formed for any purpose of business. All that the statute requires is that the persons composing the company or association shall be owners of, or have an interest in, any property, right of action or demand, jointly or in common, &c. Associations may be and are formed for business purposes. They may be, and often are, formed for social purposes ; and if the members organizing the association are seven or more in number, and they have a treasurer, and property, or rights of action, or demand, owned by them jointly or in common, they may bring their action in the name of their treasurer. It is not necessary that they should be partners. Nor is it necessary, now, to say whether the act will apply to ordinary commercial partnerships. They may be joint tenants or tenants in common of the property or right. If they have become an association, and have a treasurer, they may bring their action in his name. *Wells & Webb* v. *Gates,* (18 *Barb.* 554,) and *Nash* v. *Russell,* (5 *id.* 554,) are not applicable to the present case.

It does not appear that the defendants are, or ever were, members of the association ; nor does the consideration of the note appear. The presumption is that it was given upon a sufficient consideration.

It is insisted by the defendants' counsel that the complaint should state the names of at least seven of the associates.

There is nothing in the statute requiring this. It is averred that the association consists of seven associates, and upwards. This I think sufficient. The defendants can put this averment in issue, if they wish to controvert it.

I think the order of the special term should be affirmed.

[Erie General Term, May 12, 1856. *Marvin, Greene* and *Bowen,* Justices.]