Olery agt. Brown.

## SUPREME COURT.

CHARLES OLERY agt. ADAM BROWN, president, etc., and others.

*Voluntary association — action by expelled member thereof, for restoration to membership — pleading.*

It is not necessary that the individuals comprising the membership of a voluntary association, consisting of more than seven associates, should be made parties to an action against it. The action is well brought against the president of the association, named as defendant.

Where there is open to an expelled member of a voluntary association a remedy under its constitution and laws for a review of the proceedings for his expulsion, and in case of error for his restoration and the association is not a partnership, equity will not interfere.

*White* agt. *Brownell* (2 *Daly*, 329) *commented upon and approved.*

Where, by the complaint, it appeared that the name of the plaintiff had been improperly stricken from the list of members of the association, and that he had been deprived of the weekly stipend paid to members when ill, the association being a copartnership, and it not appearing that the plaintiff had any redress within the association itself, *held*, that an action could be maintained by the expelled member for redress, and that it is within the power of a court of equity to inquire into the reasonableness and propriety of the action of the association, and grant appropriate relief in the premises.

In order that a complaint be overthrown by a demurrer, it must present defects so substantial in their nature and so fatal in their character as to authorize the court to say, taking all the facts to be admitted, that they furnish no cause of action whatever (*Richard* agt. *Edrick*, 17 *Barb.*, 260).

The rule that once prevailed that a pleading should be construed most strongly against the pleader has been modified by the Code (*sec.* 159), which ordains that the allegations of a pleading shall be liberally construed with a view to substantial justice between the parties.

*Special Term, October, 1875.*

Olery agt. Brown.

*Mr. Gould,* for plaintiff.

*Mr. Gross,* for defendants.

VAN VORST, *J.* — The action, as appears by the body of the complaint, is evidently against the association of which Adam Brown is alleged to be president. The words " and others" in the title may be regarded as immaterial; the body of the complaint should control the title.

By the act of April 7, 1849, any joint stock company or association consisting of seven or more shareholders, may sue and be sued in the name of the president thereof; and by the act of July 9, 1851, the previous act was so amended as to allow suits and proceedings to be brought and maintained, in the manner therein provided, against any company or association composed of not less than seven persons who are owners of, or have any interest in, any property, right of action, or demand, jointly or in common, or who may be liable to any action on account of such ownership or interest.

In *Tibbetts* agt. *Blood* (21 *Barb.,* 650) an action was said to be well brought in the name of the treasurer of a division of the Sons of Temperance; and in such case, where it was stated in the complaint that the association consisted of seven associates and upwards, it was held to be sufficient.

In *Dewitt* agt. *Chandler* (11 *Abb.,* 450) it was held that the president of a Christian association might bring such action in his own name as such (*Corning* agt. *Greene,* 23 *Barb.,* 33; *Moak's Van Santvoord's Pleadings, page* 97, *and cases cited*).

The first objection therefore raised by the defendants' demurrer to the complaint, that the other persons constituting the association are not made parties to the action, is not well taken.

The second objection is, that the complaint does not state facts sufficient to constitute a cause of action.

The plaintiff complains, substantially, that his name has

been improperly stricken off the list of members of the association, and that he has been deprived of the weekly stipend paid to members when ill, and he would be restored to his membership or have an accounting in respect to the moneys he has paid into the association which he would recover.

The power of a voluntary association to expel members for a willful disobedience and violation of its constitution and laws, to which they have assented and by which they had agreed to be bound when they became members, was fully considered, in *White* agt. *Brownell*, at general term in the court of common pleas (2 *Daly*, 329). In that case the power was upheld and the court declined to interfere by injunction. But the law of the association, in that case, distinctly appeared, as also the fact of its violation by the member.

It also appeared that there was open to the expelled member a remedy, under the constitution and laws of the association itself, for a review of the proceedings for his expulsion, and, in case of error, for his being reinstated.

It also appeared that the association was not a copartnership, and that the members did not stand to each other in the relation of partners.

That the proceeding was not an attempt to exclude a partner from his interest or share in copartnership property.

By the allegations of the complaint in this case, it appears that the reasons assigned for the exclusion of the plaintiff from the association, of which he was an elected member, were that he was "over age" when he joined the association, and that on that account he had never, in fact, been a member; that he had been deprived of the weekly stipend when ill, because he had left his sick room without the permission of his physician and *the president* of the association.

The complaint does aver that it was one of the rules of the association that no person could become a member who was over forty years of age; and the plaintiff admits that he was a few months over forty at the time he became a member, but he claims that the rule was waived in his case and that

Olery agt. Brown.

he was duly elected a member, and has continued to be and
remained a member, paying his dues and discharging his
duties to the association, and until his name was stricken
from the list had been treated and regarded as a member.

The association, without doubt, could waive its rule in a
given instance, limiting the age of admission to membership.
During a recent illness proceeding from a contusion of the
knee joint plaintiff was advised by his physician, as the com-
plaint alleges, as soon as he was able to do so to go out and
take a short walk, as the physician feared that the joint of the
knee would become stiff from want of proper exercise. In
accordance with the instruction of his physician plaintiff left
the room, and being seen by the president of the association
out of doors he struck the plaintiff's name off the sick list of
the association.

There is no distinct affirmative allegation in the complaint
as to the liability of a member, under the constitution, to
lose his weekly stipend, during illness, by occasion of his
leaving his sick room without the consent of the physician
and president. But it is alleged that a notice of a resolution
of the association was served upon the plaintiff, stating that
his name had been stricken off the sick list for a violation of
the constitution in that regard.

That the plaintiff received a notice stating such conclusion,
and reasons therefor, is not absolutely an allegation that such
provision is contained in the constitution of the association.

The rule that once prevailed that a pleading should be
construed most strongly against the pleader is now abrogated
by the Code (sec. 159), which ordains that the allegations of
a pleading shall be liberally construed with a view to substan-
tial justice between the parties (Richard agt. Edick, 17
Barb., 260–270; Allen agt. Patterson, 7 N. Y., 480; Clare
agt. City Bank, 3 J. & S., 261).

The regulation in regard to age is claimed to have been
waived, and it is alleged that plaintiff left the room upon
the advice of his physician. The president's assent is not

claimed to have been obtained　Whether such omission justifies the act of striking his name from the sick list, can best be determined when the rule itself shall appear. But there is an element in this case which did not exist in *White* agt. *Brownell* (*supra*).

It is alleged that the association is a partnership; that it has funds to which plaintiff, as an associate, has contributed, and to participate therein he claims the right.

It is not clear that plaintiff can be summarily excluded from all right in the fund in question growing out of his membership by the action of the president and his associates, as indicated in the complaint. It does not appear that the plaintiff has any redress within the association itself. In this view it cannot be said that the complaint does not state facts sufficient to constitute a cause of action. Plaintiff may not be entitled to all the relief he demands.

Upon the allegations in the complaint, which are admitted by the demurrer, plaintiff appears to be entitled to some relief, and its measure and extent will be determined by the facts established on the trial. As was stated in *Richards* agt. *Edrick* (*supra*), " the complaint to be overthrown by the demurrer must present defects so substantial in their nature, and so fatal in their character, as to authorize the court to say, taking all the facts to be admitted, that they furnish *no cause of action whatever*."

The courts will not interfere between a member and a voluntary association, of which he forms a part, when its reasonable rules are sought to be enforced.

But when rights of the character indicated in the complaint are improperly sought to be taken from a member of an association, such as this is alleged to be, it is within the power of a court of equity to inquire into the reasonableness and propriety of the action and grant appropriate relief in the premises.

There should be judgment for the plaintiff on the demurrer, with leave to defendant to answer on payment of costs.