SUPREME COURT—SPECIAL TERM—KINGS CO.,
Oct., 1908.

THE PEOPLE *ex rel.* HARRY CORNETT v. THE WAR-
DEN OF THE CITY PRISON OF BROOKLYN, NEW
YORK.

(60 Misc. 525.)

(1). EXTRADITION—DETENTION—PRELIMINARY WARRANT—SUFFICIENCY OF
AFFIDAVIT.

The constitutional provisions and statutes regulating interstate ex-
tradition apply only to persons legally charged with a felony or other
crime; and unless so charged they cannot be apprehended here as fugi-
tives from justice or delivered to another jurisdiction.

(2). SAME—AFFIDAVIT.

An affidavit to obtain a warrant preliminary to extradition charging
one with the commission of a crime is insufficient unless facts are stated
showing the sources of the information and the grounds of belief; and
where it was predicated upon an information sworn to in the State
where the alleged crime was charged to have been committed, upon
belief only that he had committed the crime, without facts showing
the source of information or the grounds of belief, the magistrate here
had no jurisdiction and defendant was entitled to be released upon
habeas corpus, unless otherwise held.

HABEAS corpus proceedings.

*John D. Barben* (*William F. Hurley,* of counsel), for rela-
tor, for the writ.

*John F. Clarke* (*Peter P. Smith,* of counsel), District At-
torney, in opposition.

STAPLETON, J.:

The relator asks for a final order discharging him in a pro-
ceeding on return of habeas corpus.

A magistrate of the city of New York issued his warrant as a preliminary proceeding to the issuing of a requisition by the Governor of the State of Pennsylvania upon the Governor of the State of New York for the apprehension of relator, Harry Cornett, alleged to have been charged with burglary in the State of Pennsylvania, to have fled from justice in that State and to have been found within this State.

The warrant of the magistrate was issued upon the affidavit of one Francis C. Carberry, attached to the detective bureau of the city of New York, whose affidavit is predicated upon an information sworn to before an alderman of the city of Easton, county of Northampton, Commonwealth of Pennsylvania, and a warrant issued thereon by said alderman. The information laid before the alderman is as follows:

"COUNTY OF NORTHAMPTON,

THE COMMONWEALTH OF PENNSYLVANIA, ss.:

"Before me, the subscriber, one of the aldermen in and for the county aforesaid, personally came Jacob Johnson, County Detective, of the City of Easton, County of Northampton, Pa., who upon his solemn oath according to law saith on information received which he believes to be true, one HARRY CORNETT did on December the 10th A. D. 1907, in the nighttime feloniously and burglariously, break and enter the cigar store of J. P. Medernack at Bethlehem, Pa., aforesaid county and State, and 2 Doz Meerschaum Pipes, 1½ Doz Briar Pipes in cases, ½ Doz Amber cigar holders in cases, ½ Doz Amber cigar holders without cases, 1 Doz Amber cigarette holders in cases, 1 Doz Briar pipes amber bits without cases, 1 Pair Platinum and gold cuff links Chinese heads, and five dollars in money, were feloniously and burglariously stolen, taken and carried away, to the value of $440.00 more or less, contrary

to the Act of Assembly in such cases made and provided and further saith not.

JACOB JOHNSON.

" Sworn to and subscribed before me
    this 23d day of March, 1908.

            " HOWARD J. REED,
                    " Alderman.

" Alderman 4th Ward, Easton, Northampton Co., Penna. Office 419 Northampton St.  Commission expires First Monday May, 1902."

It will be observed, it states no fact which charges the relator with the commission of a crime.  Unless he be charged with the commission of a crime, he cannot be apprehended here as a fugitive from justice or delivered to another jurisdiction. Code Crim. Pro., tit. IV, chap. I.  The informant simply swears to his belief, without stating the ground thereof, or the sources of information which would lead thereto.  He should have incorporated in the information the facts upon which his belief was based to enable the court to judge of its sufficiency.

The language of the Constitution and Federal and State statutes covering this situation applies only to persons *charged* with a felony or other crime.  The unsubstantiated belief, surmise, guess, suspicion or intuition of a public official is not a charge of crime.

It was argued that the information in the proceeding in this State stated the affiant's source of information and ground of the belief.  Granting this contention, the source of information and ground of belief was the insufficient information laid in Pennsylvania.  That the fugitive must be charged with crime (which means charged lawfully by a person who has knowledge of its commission os is possessed of information which he must state under oath which would lead a reasonable

﹅and fair mind to infer its commission) is the primary and in-
dispensable requirement to the institution of proceedings.
against a fugitive from the justice of a foreign jurisdiction.

This is not a case of defective or inaccurate complaint, the
rectification or other disposition of which should be left to the
foreign court.    It is a case of no complaint, no charge, as those
terms have legal significance.    The authorities of this State
must be *legally* apprised of the facts upon which the constitu-
tional and statutory duty to deliver a citizen inhabitant or tem-
porary resident of this State depends.

The law has been recently restated by the Court of Appeals,
in *People ex rel. Livingston v. Wyatt,* 186 N. Y. 386, at page
392 : " Suspicion is not enough, and information and belief
are not enough, unless facts are stated showing the source of the
information and the grounds of belief.    The information
should fairly warrant the inference by the magistrate that in
good faith and on reasonable grounds the complainant believes
that a definite crime has been committed by a designated per-
son."

In the light of this rule, it is impossible to hold, upon the
information and warrant lodged against the relator in the State
of Pennsylvania, that the relator was charged with a crime
and fled from justice and was found within this State.    The
magistrate here, therefore, had no jurisdiction to issue his war-
rant; and the relator is unlawfully restrained in his liberty
under that warrant.    It was suggested on the argument, per-
haps irrelevantly, that the relator was not a desirable person.
He is entitled, however, together with all citizens, to such pro-
tection as the law gives to all.    It is important that the proper
demands of other States should be respected, fugitives should
be apprehended, crime should be punished; but it is far more
important that unauthorized arrests should not be counte-
nanced.

There are abundant authorities, culling from which is need-

less, compelling the determination about to be made.  *Hyatt v. People ex rel. Cockran,* 188 U. S. 691; *Matter of Reggel,* 114 id. 642; *Ex parte Joseph Smith,* 3 McLean, 121, 135, 136; *Lawrence v. Brady,* 56 N. Y. 182.

Let a final order be entered discharging the relator forthwith unless he be held under some other process or warrant.

Ordered accordingly.

## NOTE ON EXTRADITION.

### INTERNATIONAL.

**STATUTORY PROVISIONS.**

1 Rev. St., p. 64, authorizing governor to deliver over to justice any person found within State charged with having committed without jurisdiction of United States any crime except treason, etc., held to violate U. S. Constitution.   In re Voght, 44 How. Pr. 171; aff'd, People v. Curtis, 50 N. Y. 321.

**AUTHORITY AND DUTY.**

Penal Code, section 51, held to apply to interstate extradition only.   People v. Columbia, etc., 134 N. Y. 1.

Held to be law and usage of nations to deliver up fugitives from justice. In re Washburn, 3 Wheeler Cr. Cases, 473.

Treaty with France regarding surrender of fugitives cannot be executed by President without Act of Congress.   In re Metzger, 1 Park. Cr. Rep. 108.

**FOR WHAT CRIMES.**

Theft an extraditable crime within law of nations.   In re Washburn, 3 Wheeler Crim. Cases, 473.

Burglary in third degree not extraditable under treaty between U. S. and France of 1845.   In re Lagrave, 45 How. Pr. 301.

**DEMAND AND WARRANT.**

Duty of magistrates to commit fugitives, to give foreign government opportunity to demand extradition; if no application made within reasonable time, habeas corpus will lie.   In re Washburn, 3 Wheeler Cr. Cases, 473.

**COMPLAINT.**

Where same charged forgery, but facts stated disclose no such crime, nor any crime provided in treaty, warrant should not have issued. In re Heilbonn, 1 Park. Cr. Rep. 429.

**EVIDENCE.**

Should be such as to justify committing defendant for trial had crime been committed in this State. In re Washburn, 3 Wheeler Cr. Cases, 473.

Warrant can be granted only where by laws of this State evidence of guilt is strong enough to justify indictment. In re Calder, 2 Edm. Sel. Cas. 374.

**WARRANT.**

Where prisoner in custody of U. S. marshal, State court has jurisdiction to compel attendance of prisoner before it under habeas corpus. People v. Fiske, 45 How. Pr. 294.

**IMMUNITY FROM PROSECUTION FOR DIFFERENT OFFENSE.**

One extradited for one offense, after justice satisfied, may return to own country, immune from arrest for another offense. Bacharach v. Legrave, 47 How. Pr. 385.

One extradited from England for assault with intent to murder cannot be convicted of assault with intent to inflict great bodily harm. People v. Stout, 144 N. Y. 699.

Cannot be extradited for crime, and then arrested on civil process. Adriance v. Lagrave, 59 N. Y. 110.

Surrender under treaty deemed surrender for particular purpose only, with implication that he is not to be restrained of his liberty for any other cause. Matter of Reinitz, 7 N. Y. Cr. Rep. 74.

INTERSTATE.

**AUTHORITY AND DUTY TO DEMAND OR DELIVER.**

Obligation of State arises when fugitive charged with crime within State whence demand arises. People v. Brady, 56 N. Y. 182.

Question of guilt or innocence wholly irrelevant. People v. Brady, 56 N. Y. 182.

Governor has authority under U. S. Rev. St. to order arrest and delivery without any State statute directing or authorizing such action. In re Briscoe, 51 How. Pr. 422.

Does not depend on comity or contract, but on Constitution.  People v. Hyatt, 17 N. Y. Cr. Rep. 79.

Nor can he pass upon the validity of the indictment.  People v. Byrnes, 33 Hun, 98.

## WHAT OFFENSES GROUND FOR.

Any offense made indictable by statute.  In re Clark, 9 Wend. 212.

Any offense which is a crime according to law of State from which fugitive fled.  In re Hayward, 1 Code Rep. 45.

## WHO ARE FUGITIVES FROM JUSTICE.

Fact that person committed crime in another State and is found within this State, sufficiently establishes status.  People v. Pinkerton, 17 Hun, 199.

A person who escapes after conviction is a fugitive from justice.  In re Hope, 7 N. Y. Cr. Rep. 406.

## ALREADY IN CUSTODY.

Cannot be extradited until justice of State where held is satisfied.  In re Briscoe, 51 How. Pr. 422.

## SUFFICIENCY OF REQUISITION.

Must appear on face of papers that fugitive was within demanding State at time of commission of crime.  In re Ryan, 15 Misc. 303.

Held, discreet for magistrate to require production of authenticated copy of charge or indictment.  Whether necessary, *quaere*.  In re Heyward, 3 N. Y. Super. Ct. 701.

Requisition alone not sufficient.  Authenticated copy of charge or indictment should be presented.  In re Rutter, 7 Abb. Pr. (N. S.) 67.

· Condition precedent to obligation to surrender that executive of State on whom demand made should be apprised of facts on which his duty to surrender depends.  People v. Brady, 56 N. Y. 182.

Not sufficient that jurisdictional facts may be inferred from statement contained in requisition or affidavit.  In re Heyward, 3 N. Y. Sup. Ct. 701.

Constructive presence in demanding State at time of commission of alleged crime insufficient.  People v. Hyatt, 17 N. Y. Crim. Rep. 79.

## WARRANT.

Where it is only stated that prisoner is charged with forgery on oath of

person named therein, held insufficient.  In re Leland, 7 Abb. Prac. (N. S.) 64.

Misnomer of defendant, where no mistake made, held insufficient to warrant release on habeas corpus.  In re Scrofford, 59 Hun, 320.

Recitals in warrant held sufficient.  In re Scrofford, 59 Hun, 320.

No power in governor to recall or modify warrant.  Hosmer v. Loveland, 19 Barb. 111.

Justice of peace has no power to issue for arrest of criminal for offense committed in another State.

What considered to determine whether issue of proper.  People v. Donohue, 84 N. Y. 442.

Defendant not interpose fraud.  Adriance v. Lagrave, 59 N. Y. 114.

**ARREST.**
Person arrested can demand proof of identity.  People v. Byrnes, 33 Hun, 98.

**IMMUNITY FROM PROSECUTION FOR DIFFERENT OFFENSE.**
May be held for another and different offense than the one on which extradited.  In re Noyes, 17 Albany Law Journal, 407.

Cannot be arrested after expiration of sentence on requisition from another State until has had reasonable time to return to State from whence originally extradited.  People v. Cross, 7 N. Y. Cr. Rep. 406.

Can be discharged after extradition and rearrested on different charge. People v. Cross, 8 N. Y. Cr. Rep. 421.

**IMMUNITY FROM CIVIL PROCESS.**
Where extradited and acquitted, may be arrested on civil charge, if extradition not obtained in bad faith.  Williams v. Bacon, 10 Wend. 636; Browning v. Abrams, 51 How. Pr. 172; Underwood v. Fetter, 6 N. Y. Leg. Ob. 66.

May be arrested in civil process on suit of persons not conniving at improper extradition.  Slade v. Joseph, 5 Daly, 187; Olery v. Brown, 51 How. Pr. 92.

**RIGHTS OF THOSE ILLEGALLY EXTRADITED.**

Where extradition illegal, extraditing State may nevertheless detain having once acquired custody.   In re Noyes, 17 Alb. L. J. 407.

Right of exemption from arrest for reasonable time after discharge, in order to return to place whence extradited.   Matter of Baruch, 7 N. Y. Cr. Rep. 325.

On expiration of sentence, having been extradited to be tried, cannot be arrested on extradition from third State, until reasonable time to return to State from whence originally extradited has elapsed.   Matter of Hope, 7 N. Y. Cr. Rep. 406.