## Brady v. Mutual Benefit Department of the Order of Railway Conductors of America.

(Decided June 15, 1926.)

Appeal from Kenton Circuit Court
(Criminal Law and Equity Division).

1. Associations.—Generally, individual members of unincorporated associations are liable for contracts and undertakings of association.

2. Beneficial Associations—Members of Mutual Benefit Association are Liable for its Obligations Only When Authorizing or Ratifying Transactions.—Members of mutual benefit association, organized for social or political purposes and not for gain or profit, are liable for debts and obligations of association only when authorizing or ratifying transaction out of which obligation arose.

3. Principal and Agent.—One professing to act as agent, unless he binds his principal, will ordinarily be held to bind himself.

4. Insurance.—Member of unincorporated beneficial association cannot claim benefits except in accordance with laws of order.

5. Insurance.—Beneficiary in policy of beneficial association is not creditor on death of member, but is governed by laws of association respecting collection of benefits.

6. Insurance—Complaint by Beneficiary Seeking to Recover on Policy of Mutual Benefit Association Held Insufficient as Against Individual Members Thereof.—Petition failing to state that members of beneficial association undertook to pay policy, or that they or association denied liability, or that notice and proof of death was given as required by certificate and by-laws, held insufficient as against defendant members.

7. Insurance.—Where policy of mutual beneficial association requires notice and proof of death on certain form within limited time as condition precedent to right of recovery, beneficiary must comply with requirement unless association denies all liability.

GALVIN & TRACY for appellant.

ROBERT C. SIMMONS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This cause went off the docket of the lower court on demurrer to the petition, and Mrs. Brady appeals. Appellee department is an unincorporated mutual benefit association, organized and operating on the assessment plan or system, not for gain or profit. The policy is called a benefit certificate, and provides that the department "agrees to and with said E. H. Brady, in case of his death and after due notice . . . to pay . . . to the person or persons as herein provided, such sum as may be realized from an assessment levied on account of such death," not to exceed $2,000.00, the principal sum. And it is further provided in the certificate that the department "in no sense at no time promises or agrees to do anything that is not dependent at all times upon the laws of the said mutual benefit department as they may be legally adopted from time to time;" and further that the laws of the department, subject to change, are a part of the certificate or contract, and must be so read and considered.

The association, which has its principal place of business in Iowa, and several individual members thereof were made parties defendant. As the association had no officer or agent in this state upon whom process could be served, its motion to quash the return of process served upon a member for it was sustained, and it is not now before this court on appeal. The other defendants were all individual members of the association. It is insisted by appellant that an individual member of an unincorporated association is liable for its debts, and inasmuch as appellant, Brady, was the beneficiary in the certificate issued to her husband, now dead, she is a creditor of the association, and each individual member thereof, and as such is entitled to recover from all or each individual member of the association the amount of the certificate, $2,000.00, and the cases of Jenne v. Matlack, 19 Ky. L. R. 503; Greenup v. Barbee, 1 Bibb 320; Roller v. Madison, 172 Ky. 693, are cited and relied upon as supporting this contention.

The general rule seems to be that individual members of an unincorporated association are liable for contracts made in the name of the association and for all undertakings of it incurred in the business, for which it is organized, although it was not so intended by the

members of the association, or expected or contemplated by the other party to the contract at the time of the making thereof. However, there is an exception to this general rule exempting mutual benefit associations and clubs organized for social or political purposes and not for gain or profit. In such cases the individual member is liable for the debts and obligations of the association only when such member authorizes or ratifies the transaction out of which the obligation or contract arose. Such individual members are not held and regarded as partners, but their responsibility arises from their agency in acting for it upon the principle that where one undertakes to bind a principal but the principal is not bound and the other party to the contract performs his part thereof, and incurs obligations or expends money in reliance upon the contract, the agent will be bound although the principal is exonerated.

It is a familiar principal of the law of agency that one professing to act as agent, unless he binds his principal, is ordinarily held to bind himself. So, it is contended here by appellant that the individual members of the association, though the association might escape liability, is bound for the debts and obligations of it because of their agency, and not as partners.

There is also a well founded contention on the part of the members to the effect that members of an unincorporated beneficial association cannot claim benefits from the association except in accordance with the laws of the order, and that one named as beneficiary in a policy, on the death of a member, is not a creditor but stands in the same relation and is governed by the same laws with respect to the collection of benefits which control a member. Cochran v. Boleman, 162 Ind. 659; Hammerstein v. Parsons, 38 Mo. App. 322; Ebbinghousen v. North Club, 4 Abb N. C. 300; Hirschl on Fraternities and Societies, 3-6; Waller v. Thomas, 42 How. Pr. 344; White v. Brownell, 3 App. Pr. N. S. 325; Olery v. Brown, 51 How. Pr. 92; Thomas v. Ellmaker, 1 Pars. Sel. Cas. 98.

The petition avers that the association is an unincorporated company engaged in the business of insuring its members on the assessment plan or method, and that it has many thousands of members, some of whom reside in Kentucky and a part of them in Kenton county; that on the 8th of March, 1910, the association, in consideration of Brady's obligation and the payment of the membership fee, and of such assessments as Brady should be

notified of as provided in the certificate issued to him, a certificate of membership was issued to Brady, with appellant as beneficiary, by which certificate the association agreed to pay plaintiff upon the death of Brady the sum of $2,000.00; that Brady paid his dues and assessments and complied with all the terms of the certificate up to the time of his death in May, 1924, and that the association at the time of his death and before denied all liability on account of the certificate, and refused to pay the $2,000.00. The certificate was made a part of the petition. There is no averment in the petition that the individual members of the association, made defendants, agreed or undertook to pay the certificate or policy under any circumstances or conditions; or that knowing of the existence of the policy, consented to its issual or ratified it after it was issued. Neither is it averred that the individual members of the association denied liability on account of the certificate, although it is averred that the association denied all liability. Inasmuch as the policy provides for notice of the death of a member and requires proof thereof upon a certain form within a given time, it was necessary for the beneficiary to prove the death of insured on the required form and tender the same within the time limited as a condition precedent to the right of the beneficiary to recover, unless the association denied all liability, as was held in the case of Southern Life Insurance Company v. Hazard, 148 Ky. 465; Continental Casualty Company v. Matthis, 150 Ky. 477; National Life and Accident Insurance Company v. O'Brien, 155 Ky. 498.

The association not being before the court the ruling of the lower court on the demurrer did not affect the association. As to the individual defendants there is no averment that they denied all liability or denied liability at all, hence it was necessary as to them to aver that notice of death was given in the manner required by the certificate and by-laws and that proof prepared in the way and manner specified had been tendered to the association within the time limited. Applying these rules, we are constrained to hold that the lower court correctly adjudged the petition insufficient, and when appellant declined to further plead, did not err in dismissing her cause.

Judgment affirmed.