## Federal Life Insurance Company v. Holmes' Committee.

(Decided February 11, 1930.)

T. B. McGREGOR for appellant.

FRANK S. GINOCCHIO for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

In 1921 appellee, Security Trust Company of Lexington, was appointed the committee for Anderson Holmes, a person of unsound mind. On April 17, 1925, Mrs. Anderson Holmes secured from appellant a policy of insurance whereby it insured her against accidental death in the sum of $2,000, providing the injury resulting in death was sustained while she was in a motor-driven car, or in connection with the wreck of such a car. On November 10, 1925, Mrs. Holmes came to her death from bodily injuries sustained by the accidental wrecking of

a private motor-driven car in which she was riding. Anderson Holmes was the beneficiary named in the policy.

Notice of the death of the insured was given to appellant in September, 1927. Payment was refused and this suit was instituted to recover the amount called for in the policy. The trial court decided for the appellee on the pleadings and entered a judgment against appellant. There seems to be slight disagreement between the parties over the facts, but they differ widely as to the proper construction of the provisions of the policy contract and the law applicable thereto.

In its answer appellant admitted that it issued the policy to Mrs. Holmes on April 17, 1925, at its office in the city of El Paso, Tex., and that said policy was in force for the period of one year. It affirmatively pleaded that one of the standard provisions of the policy required that written notice of the injury on which claim may be based must be given to the company within 20 days after the date of the accident causing the injury and that in the event of accidental death immediate notice thereof must be given to the company. It then alleged that another standard provision in the policy required the giving of the notice as a prerequisite to the right of recovery, but that the failure to give notice should not invalidate any claim, if it could be shown not to have been reasonably possible to give such notice, and that notice was given as soon as it was reasonably possible. It was further alleged that in another standard provision in the policy it was provided that affirmative proof of loss must be furnished to the company at its office, in case of claim for loss of time from disability, within 90 days after the termination of the period for which the company should be liable, and in case of claim for other loss within 90 days after the date of the loss. Another allegation was that another standard provision of the policy provided that no action at law, or in equity, should be brought to recover upon the policy prior to the expiration of 60 days after proof of loss had been filed in accordance with the requirements of the policy, and that no action should be brought at all, unless brought within 2 years from the expiration of the time within which proof of loss was required by the policy. It then alleged that all of these provisions of the policy had been violated, and it was, therefore, not liable on the policy contract.

A demurrer was filed to the second paragraph of the answer, in which it alleged the violation of the stand-

ard provisions of the policy, which was sustained. An amended petition was filed, in which it was alleged that Mrs. Holmes made application to appellant for a policy on April 17, 1925, and that it received the application and issued the policy pursuant thereto. Appellant amended its answer and alleged that it was reasonably possible for appellee to have given notice of the death of Mrs. Holmes within the time prescribed for such notice in the policy.

A reply was filed, controverting affirmative allegations in the answer and pleading that appellee was ignorant of the existence of the policy of insurance sued on until about September 7, 1927, when it discovered the policy, and that on the next day it gave written notice to appellant of the death of Mrs. Holmes on November 10, 1925; that on September 16, 1927, appellant acknowledged the receipt of the notice and denied liability, because notice had not been given in accordance with the terms of the policy, and the further reason that no proof of loss had been submitted within 90 days; that the provisions of the policy excused the delay in giving notice, if it should be shown not to have been reasonably possible to give the notice and that it was given as soon as was reasonably possible; that the notice was given immediately after the discovery of the policy; that appellant, by its denial of any and all liability for loss under the policy, waived the provisions requiring proof of loss and specifying the time in which such proof should be furnished. It was then alleged that Anderson Holmes was the beneficiary named in the policy and in the application, which application was in the possession of appellant; that on March 17, 1928, appellee inquired of appellant the name of the beneficiary named in the policy, and was advised by letter of date March 26, 1928, that the name of the beneficiary was Ola D. Jones, and it did not know the address of the beneficiary; that at the time appellant furnished this information it knew, or by the exercise of ordinary care could have known, that Jones was not the beneficiary; that appellee did not learn that Anderson Holmes was the beneficiary until the fall of 1928, when it learned that he was the beneficiary through a communication addressed to and received from the El Paso Herald, through which the policy had been issued; that thereafter, on October 9, 1928, appellee wrote appellant advising of the information which it had received from El Paso Herald, whereupon appellant acknowledged its

mistake, and stated that Anderson Holmes was the beneficiary in the policy.

Payment was again refused by appellant on December 13, 1928. The refusal to pay was positive. The conduct of appellant in its refusal to pay was alleged in the reply to be a waiver of the provisions of the policy requiring notice, proof of loss, and the time of giving and filing same, as well as the provision as to the time in which suit might be instituted. Further in its reply appellee pleaded the statute of Texas, the state in which the contract was made, to the effect that no stipulation in any contract fixing the time within which notice should be given at a less period than 90 days should be valid.

Appellant filed a rejoinder, admitting the provisions of the statute of Texas and pleading a provision of the policy to the effect that, if any time limitation of the policy with respect to giving notice of claim or furnishing proof of loss was less than that permitted by the law of the state in which the insured resided at the time the policy was issued, such limitation should be so modified as to agree with the minimum period permitted by the law.

When the case was finally submitted for judgment the court sustained a demurrer to the rejoinder, and overruled the demurrer to the reply. Appellant stood on its pleadings, whereupon the court rendered judgment against it, and it is in this court insisting that the trial court erred in sustaining the demurrer to its rejoinder, erred in overruling appellant's demurrer to each paragraph to the reply, and erred in overruling appellant's demurrer to the petition.

It is true, as contended by counsel for both appellant and appellee, that the construction of contracts of insurance is governed by the law of the place where the contract is made. Springfield Fire & Marine Insurance Co. v. Shapoff, 179 Ky. 804, 201 S. W. 1116. While the policy was issued at the home office of the company, and there signed by its president and secretary, there was a provision to the effect that it would not be effective until properly dated and countersigned by duly commissioned authority of the company. Cooley's Briefs on Insurance, vol. 2, p. 1042, states the rule as to the place of making the contract to be that a policy does not take effect until countersigned by the agent through whom it is issued, when there is such a provision in the policy,

as the countersigning is the act of final assent, which determines the place of contract.

As the policy was countersigned in the state of Texas, as it appears to be admitted, the laws of that state are controlling. But an examination of the laws of that state, as shown in this record, do not seriously affect the question. It is true that the statute of Texas (article 5546 of the Revised Civil Statutes of Texas, vol. 2, of 1925) provides, in effect, that no stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable, and that any such stipulation fixing the time within which such notice shall be given at less period than 90 days shall be void. While it is true that the policy contract under consideration, providing for immediate notice in case of death, violates the provision of the Texas statutes, yet the provision in the policy that the provisions relating to notice should conform to the laws of the state where the contract was made modifies the other provisions of the policy requiring immediate notice in case of death, and allows notice as provided in the statute. Therefore we will consider the provisions of the policy in that light.

The facts, as disclosed by the pleadings, appear to be that appellee gave notice immediately after the discovery of the policy. By the terms of the policy failure to give notice within the time provided does not invalidate any claim, if it shall be shown not to have been reasonably possible to give such notice, and that notice was given as soon as was reasonably possible. Anderson Holmes had been adjudged a person of unsound mind, and appellee had been appointed his committee. The responsibility of giving notice was on appellee, the Security Trust Company; but it could not give notice unless it knew there was such a policy in existence. As it did not know of such a policy, the pleadings and exhibits in this case are sufficient to show that it was not reasonably possible to give notice according to the provisions of the policy, and that the notice was given as soon as it was reasonably possible.

In the case of Maryland Casualty Co. v. Burns, 149 Ky. 550, 149 S. W. 867, 868, the court found this provision in the policy under consideration:

"Immediate written notice must be given the company at Baltimore, or its duly authorized agent, of any accident and injury for which a claim is to

be made, with full particulars thereof, and full name and address of the insured. Unless such notice be given within ten days after the accident, no claim shall be valid."

The court, in construing that provision of the policy, held:

"Our conclusion is that, under a policy like the one in question, the insured himself, if he survive the accident, should give the contract notice, unless his faculties be so impaired or he be so circumstanced that the giving of such notice is impossible. But, in case of the death of the insured, the beneficiary named in the policy has ten days after acquiring knowledge of the existence of the contract to give notice; or, if the right of action devolve upon a personal representative, he shall have 10 days after his qualification, and after acquiring such knowledge, to give the notice. To require the giving of the notice before it is possible to give it would work a hardship which would be contrary to public policy, and which cannot be sustained upon any theory of right."

It is true that it has been held by this court in a number of cases that the effect of failure to give notice, or furnish proofs of loss, within the stipulated time, depends on the provisions of the policy in that regard. If giving notice and furnishing proofs of loss in such time are made conditions precedent to liability on the part of the insurer, or if forfeiture is provided for if they are not given in the time fixed, then notice and proofs must be given in accordance with the terms of the policy contract. Staples v. Continental Insurance Co., 223 Ky. 842, 5 S. W. (2d) 265. But none of these cases held that a policy of insurance shall be rendered ineffectual for the failure to give notice, where it is impossible to give notice within the time specified in the policy. The policy under consideration, recognizing the reasonableness of the rule in regard thereto established by this court and other courts, carries a provision in harmony with the decisions when it provides that no forfeiture shall take place if notice shall be given as soon as it is reasonably possible to give it.

It is contended by counsel for appellant that there can be no recovery because suit was not brought within 2 years from the expiration of the time within which proof of loss required by the policy should have been fur-

nished. If notice of the accident is not required until it is reasonably possible to give it, then the period of limitation in the policy, if a valid limitation, should not begin to run until as provided in the policy after notice has been given. There is another reason why the limitation expressed in the policy should not be a good defense. even if valid, and that is that appellant misled appellee about the beneficiary in the policy and the time that it took appellee to ascertain the true beneficiary would have to be deducted from the period of limitation. When appellee received notice that the beneficiary in the policy was someone other than Anderson Holmes it was held to no further effort to give notice or to take other steps to collect until it learned the name of the beneficiary. It went to the right place for the information and obtained a wrong answer.

In the case of Metropolitan Life Insurance Co. v. People's Trust Co., 177 Ind. 578, 98 N. E. 513, 515, 41 L. R. A. (N. S.) 285, the court held that a delay of 2 years and 2 months in furnishing notice and proof of loss was not unreasonable, where the beneficiary was ignorant of the existence of the policy. The court said: "Under the allegations of the second paragraph of complaint, neither appellee nor any one of the ultimate beneficiaries had any knowledge of the fact of the existence of the policy until a few days before proofs were made. We think the circumstances here alleged excused the long delay." The circumstances in that case no more strongly favored the beneficiary than in this case.

When appellant denies all liability for any loss growing out of the death of Mrs. Holmes, it waived the requirement of any proof of loss. It knew the facts and circumstances, and advised appellee that it would not pay. Continental Casualty Co. v. Mathis, 150 Ky. 477, 150 S. W. 507; Brady v. Mutual Benefit Department, 215 Ky. 177, 284 S. W. 1045.

Appellant relies on the case of Smith v. Herd, 110 Ky. 56, 60 S. W. 841, 1121, 22 Ky. Law Rep. 1596, to support its contention that the suit could not be instituted after the period of limitation of 2 years provided in the policy. While that question is hardly before us, it is well to call attention to the case of Union Central Life Insurance Co. v. Spinks, 119 Ky. 261, 83 S. W. 615, 84 S. W. 1160, 26 Ky. Law Rep. 1205, 27 Ky. Law Rep. 325, 69 L. R. A. 264, 7 Ann Cas. 913, where it was held that a provision in a life policy to the effect that no

suit should be maintained thereon unless begun within one year from the death of the insured was void, as in contravention of public policy, as the statute prescribed a period of 15 years for action on such contracts, which, in effect, overruled or modified the doctrine previously announced in several cases and particularly in Smith v. Herd.

On the whole case, we find no error in the judgment of the trial court.

Judgment affirmed.