# Pacific Mutual Life Insurance Co. of California v. Paynter.

(Decided Oct. 12, 1934.)

WILLIAM MARSHALL BULLITT, BRUCE & BULLITT and CHARLES J. WHITE for appellant.

J. C. BAKER for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is a motion for the allowance of an appeal to the Pacific Mutual Life Insurance Company of California from a $375.10 judgment of the Harlan circuit court awarding recovery of a premium payment in that amount made by the appellee, Dr. Charles Paynter, on November 10, 1931.

This action was submitted to the trial court without a jury on the pleadings and an agreed statement of facts, by which it is shown that Dr. Paynter was totally disabled with typhoid fever from July 28, 1931, to November 24, 1931, and that on December 22, 1931, he made and mailed to the appellant, the Pacific Mutual Life Insurance Company of California (hereinafter called for convenience the company), proof of this total disability, which was received by it at its home office at Los Angeles, Cal., on January 4, 1932.

It is further shown by the agreed stipulation of facts that Mrs. Paynter on October 23, 1931, wrote Mr. Thomas H. Wall, the company's general agent at Ashland, Ky., wherein she advised him that Dr. Paynter had a premium falling due November 10 on his policy No. 671946 carried with the company, and that "on the first day of August Dr. Paynter was taken ill with typhoid fever. He is still unable to resume his regular duties, this making it quite impossible for us to meet the regular payment on this policy." This letter, written somewhat more than two weeks before this annual policy premium became due and payable, by its very language clearly shows that it was not meant nor intended as a notice or as proof given the company's agent that Dr. Paynter's condition was then one of total disability, by reason of his having thus suffered a typhoid fever illness, as the letter advised that Dr. Paynter's condition was at such time only such that he was "unable to resume his regular duties"; nor could the language of the

letter, that the doctor was then unable to resume his regular duties, be construed to mean that his condition was then one of total disability, nor even as a notice given by it, predicting a continuance of the doctor's disability until November 10 next, the date upon which the policy premium would be due and have to be paid, nor could this language of the letter be fairly construed as a request by the writer that the company should, because of Dr. Paynter's having been stricken with fever on August 1 and his being then unable to assume his regular duties, waive payment of the annual premium by insured, soon falling due on November 10. Clearly Mrs. Paynter's letter was written for no such purpose as giving notice that Dr. Paynter was then or would likely continue to be for a longer time totally disabled, nor did she request that her letter be forwarded by the Ashland agent, to whom written, to the home office as furnishing the company such proof, but rather was it sent to the agent only as an inquiry as to how Dr. Paynter could best arrange for the payment of his policy premium then soon becoming due on November 10. The reply to this letter. written by the company's agent, only undertook to advise Mrs. Paynter as to an available way in which the insured might arrange to take care of his premium. It contained no language indicating that Mrs. Paynter's letter was treated or recognized as meant or intended by her as furnishing notice or proof to the company that the insured, Dr. Paynter, was either then or would remain totally disabled for a 90-day period, or be in such disabled condition on November 10, the due date of his premium, by reason of his reported fever illness of August 1.

The policy issued by the appellant company to Dr. Paynter on November 10, 1927, provided that in consideration of an annual premium payment of $375.10, it promised to pay the sum of $10,000 to Jane S. Paynter, his named beneficiary (wife of the insured), upon his death, and also by its further terms contracted and provided that:

"Should the Insured * * * become permanently totally disabled, * * * the Company [upon proof furnished that such disability had lasted not less than 90 days], subject to the conditions set forth, will waive the payment of all future premiums required under the conditions of the Policy as they

become due and pay the Insured a monthly income of $150.00, such waiver to be effective and the first of such monthly income payments to become due and the period of liability to commence as of the date of receipt at the Home Office of the Company of due written proof of such disability and a subsequent payment to be made on the first day of each month thereafter during the continuance of such disability.''

On December 22, 1931, Dr. Paynter submitted the required written proof of his having suffered a condition of total disability by reason of his typhoid fever attack lasting from July 28, 1931, to November 24, 1931. This proof was received by the company at its home office on January 4, 1932, when it paid to Dr. Paynter the sum of $150 as a compliance with the conditions of the policy providing that it would pay the insured a monthly income of $150, ''to become due and the period of liability to commence as of the date of receipt at the Home Office of the Company of due written proof'' of total disability (which has lasted not less than 90 days) and a subsequent payment the first of each month thereafter of $150 during the continuance of the insured's total disability.

It is to be noted that the $375.10 premium falling due on November 10, 1931, was at such time paid the company by the insured. Also, that no proof of the insured's disability was furnished the company by the insured until December 22, 1931, practically a month after the time when, according to the agreed statement of facts, his total disability had ended on November 24. Also, it is to be noted that under the terms of the policy, the company's liability to make waiver of payment of premium by the insured or for payment of the $150 monthly compensation was only to become effective upon written proof being received at the company's home office of the insured's continuous total disability having been suffered for a period of 90 days and of its continuance after and beyond such 90-day period until a premium payment should become due, when the insured would, during such continued period of disability, after proof given, be entitled to receive the stipulated monthly compensation and also to a waiver of premiums upon the policy becoming due during the period of such continued disability, after the required proof of it was re-

ceived. It is here shown that no proof, as required, of such total disability was given by Mrs. Paynter's letter of October 23, or given later on October 28 of the insured's having then, at that date, suffered total disability for a period of 90 days, nor was proof given of its continuance to the date of November 10, when the annual premium fell due. No such proof was ever furnished the company of the doctor's disability during this nearly 4-month period until December 22, after the insured's disability had terminated. Under these facts and the conditions named in the policy as to giving proof, upon which the company agreed to waive payment of premiums, the company was under no liability to refund a premium theretofore paid it at a time when it had received no proof that the insured had then undergone a 90-day period of total disability, by reason of which the insured was then in position to ask of the company a waiver of premium, as by the terms of the policy the company's liability for the payment of such compensation or waiver of premium was to become effective only from and after the receipt at the home office of the required proof, from which time only it promised to thereafter pay compensation and to waive payment of premium during the continuance of insured's total disability.

The appellee contends that, inasmuch as both the right to have waiver of premium and also the monthly compensation are provided under the one and the same condition named in the policy, the company having paid the insured the amount of one month's compensation upon its receipt of written proof of the insured's disability on January 4, when under the terms of the policy it was then not liable therefor, its act of payment constituted a waiver of the giving by the insured of proof to the company in accordance with the terms of the policy and that, it being a waiver of proof as a condition upon which it should pay him the monthly compensation, such act of compensation payment constituted also at the same time a waiver of the policy's terms as to the furnishing of proof in order to obtain the company's waiver of payment of premium. Upon such grounds the insured argued that he was entitled to have a refund to him of the $375.10 premium he had paid the company.

Upon submission of the cause to the court, it upheld such contention and adjudged that the insured

should recover from the appellant company the premium paid it in the sum of $375.10, with interest at 6 per cent. from November 10, 1931, until paid.

Complaining of this judgment as improper, the appellant has moved for an appeal, seeking its reversal.

Considering the agreed fact that Dr. Paynter had not furnished the required proof of his disability to the appellant at its home office, prior to his paying the premium on its due date to the company and also knowing the provisions of the policy, that the insured's right to a waiver of premium payments by the company was not to become effective except from and after the date of its receipt of due written proof of total disability and during the continuance thereafter of such disability, we conclude that the insured was here without legal right to demand a refund of the premium paid the company during his period of disability, as to which he had furnished no proof as required at the time of payment and that the premium should not, under the circumstances, have been waived by the company. The policy clearly by its terms makes no provision for the refunding of premiums paid, but only provides that it will, upon the performance by the insured of the precedent conditions named, waive payment of premiums by the insured becoming due and payable after the effective date of the company's receipt at its home office of such required proof.

In the case of Peoria Life Insurance Co. v. Bergholm (C. C. A.) 50 F. (2d) 67, Id., 284 U. S. 489, 52 S. Ct. 230, 231, 76 L. Ed. 416, relied on by appellant, the court held that though the policy provided for waiver of premium payment yet, if the insured did not furnish proof prior to the default in the payment of premiums, that the policy would lapse because of nonpayment of premiums even though the insured were entitled to disability benefits had he furnished such proof. In so holding the Supreme Court said:

"And to discharge the insured from the legal consequences of a failure to comply with an explicitly stipulated requirement of the policy, constituting a condition precedent to the granting of such relief by the insurer would be to vary the plain terms of a contract in utter disregard of long-settled principles."

Also, in the case of Egan v. New York Life Insurance Co. (D. C.) 60 F. (2d) 268, was it likewise held, as stated in brief of appellant, that "furnishing proof of disability before lapse of policy was a condition precedent to the waiver of premiums under a policy providing for waiver only in the event of the company's receiving proof of disability before default." In accord therewith, see Smith v. Missouri State Life Insurance Co. (1932) 134 Kan. 426, 7 P. (2d) 65; Northwestern Mutual Life Insurance Co. v. Dean (1931) 43 Ga. App. 67, 157 S. E. 878; Orr v. Mutual Life Insurance Co. of N. Y. (D. C.) 57 F. (2d) 901; Hall v. Acacia Mutual Life Ass'n (1932) 164 Tenn. 93, 46 S. W. (2d) 56; Berry v. Lamar Life Insurance Co. (1932) 165 Miss. 405, 142 So. 445, 145 So. 887; Mutual Life Ins. Co. v. Hebron (1933) 166 Miss. 145, 146 So. 445.

The provisions of the policy quoted, supra, can clearly only mean that the period from which the insurance company may become obligated to make waiver of payment of premiums and for the monthly payment of disability compensation is only from date of receipt at the home office by the company of due written proof of total disability.

The case cited and relied on by appellee, Home Life Insurance Co. et al. v. Keys, 187 Ark. 796, 62 S. W. (2d) 950, we consider distinguishable in its facts from the one before us, as well as in the provisions of its group policy which recites the conditions upon which the company would waive payment of premiums. However, assuming the fact as to failure of proof made of disability and the terms of the policy there requiring proof to be analogous to those found here, we are yet not inclined to approve so broad a rule of construction of the policy contract as that therein announced. It adopted and quoted with approval the rule as announced, Minnesota Mutual Life Insurance Co. v. Marshall (C. C. A.) 29 F. (2d) 977, 978, as follows:

> "The right of the insured to have his premiums discontinued during disability is one that he had paid for. To make its operation depend upon the time of proof of disability, and not upon the time of disability itself, which was the real thing that he was protecting himself against, renders the provision of the policy under construction inoperative and the right of no value."

676

Rather, we approve the construction given the involved terms of the policy as announced in the cases cited, supra.

Here it is sufficient to say that we have found the insured in the instant case has in nowise performed the conditions provided by the terms of the policy, upon the performance of which the company only agreed to make waiver of payment of the premium. Also, the policy in nowise provides for refunding a premium paid through failure of the insured to perform the conditions stipulated as precedent in the policy before the company should become liable for waiver of premium.

We are, therefore, for the reasons indicated, clearly of the opinion that the court erred in adjudging the appellee entitled to recover a refund of the policy premium paid the appellant, without his having complied with the conditions of the policy, upon which, according to its terms, the insured's right to waiver depended. Accordingly, appellant's motion for an appeal is sustained, the appeal granted, the judgment reversed, and case remanded for proceedings consistent with this opinion.