# Metropolitan Life Insurance Co. v. Nusz.

(Decided Nov. 12, 1935.)

CHARLES R. BELL for appellant.

MAURICE D. BURTON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

On March 4, 1931, the Metropolitan Life Insurance Company issued to Zachary Nusz a life policy in the sum of $10,000. There was attached to as a part of the policy contract a rider or supplementary contract insuring Nusz against total disability resulting from bodily or disease of such a character and nature as to prevent him from engaging in any business or occupation or from performing any work for compensation or profit provided such disability continued uninterruptedly for a period of at least four months; that in the event of such disability for as long as four continuous

months, the company upon notice and proof of disability would pay the insured $10 per month for each $1,000 of the principal sum of the policy, excepting, however, the first three months of such disability, and, in addition to paying the monthly benefits, would waive the payment of the premium required under the policy and supplementary contract due on the succeeding date following the commencement of disability. The supplementary contract further provided:

"Written notice of claim hereunder must be presented to and received at the home office of the company [a] during the lifetime of the insured and [b] during the continuance of the total disability, otherwise the claim shall be invalid; provided, however, that failure to give such notice within such times shall not invalidate any such claim if it shall be shown that it was not reasonably possible to give such notice within such times, and that such notice was given as soon as was reasonably possible."

Insured paid an initial premium of $113.65 which carried the policy and supplementary contract until September 3, 1931, and some time prior to September 3, 1931, insured or his wife, acting for him, paid the annual premium of $220.10 which kept the policy and supplementary contract in force for one year thereafter.

On July 3, 1931, insured, who was engaged in the mercantile business at Bowling Green, left his home for a trip to Howardstown and, while on his way or immediately after his arrival at the latter place, was stricken with an illness which developed into a long and severe case of typhoid fever. He immediately went to the home of his father, Dr. Nusz, at Cecilia and his condition became so grave that his father and other physicians who were called in consultation deemed it necessary to take him to a hospital in Louisville where he had several blood transfusions. He was delirious during most of the time he remained at the hospital and did not become entirely rational until shortly before he was taken back to the home of his father in September. He remained there until some time in November when he returned to his home in Bowling Green. He went back to work at his mercantile establishment about January 3 or 4, 1932. Before leaving the home of his father, he was able to sit up some and walk with the

use of a cane. His improvement was gradual, and after he returned to Bowling Green, he made several trips to the store before he actually resumed work.

On April 8, 1932, insured wrote the company requesting forms for making proof of disability and testified that he made proof of his claim and either sent it to the company or delivered it to the local agent who forwarded it to the company. The company refused to allow or pay his claim and on May 9, 1933, insured instituted this action seeking to recover for three months' disability under the provisions of the supplementary contract and the premium of $220.10 paid in September, 1931. In addition to a traverse of the allegations of the petition and in avoidance of liability, the company pleaded the provisions of the supplementary contract and the failure of insured to make claim or give notice of disability within the time provided therein. Trial before a jury resulted in a verdict and judgment for plaintiff in the sum of $520.10, and the company is appealing.

While a number of grounds are assigned and argued for reversal, the conclusion we have reached concerning the second ground, namely that the court erred in overruling appellant's motion for a directed verdict at the close of evidence for appellee, renders it unnecessary to consider other grounds.

It is insisted by counsel for appellant that appellee's claim became invalid and that he was not entitled to recover because of his failure to give notice of his claim for disability within the time prescribed in the supplementary contract. On the other hand, appellee maintains that if notice was given within a reasonable time, the requirements of the policy with respect to giving notice were met, and that the question having been submitted to the jury under proper instructions, the judgment should be affirmed.

As supporting the contention of appellee, counsel cites the case of Ætna Life Insurance Co. v. Bethel, 140 Ky. 609, 131 S. W. 523, and some other cases of like import from this jurisdiction. An examination of the opinion in the Bethel Case will reveal that the policy provided that notice of claim thereunder should be made immediately. It was held in that case, as has consistently been held since, that the words "immediately," "forthwith," or words of like import used in the same

connection in policy contracts mean that notice shall be given within a reasonable time. See Mutual Life Insurance Co. of New York v. Smith, 257 Ky. 709, 79 S. W. (2d) 28; Horn's Adm'r v. Prudential Insurance Co., 252 Ky. 137, 65 S. W. (2d) 1017; Southern Surety Co. of N. Y. v. Heyburn, 234 Ky. 739, 29 S. W. (2d) 6, and cases cited in those opinions.

Other cases cited and relied on by appellee involve policies which provide that proof of loss shall be furnished within 30, 60, 90 days, or other time specified in the policy, but not providing for a forfeiture in the event of failure to furnish proof within such specified time. In construing such policies, this court has uniformly held that failure to furnish proof within the time required by the policy will not afford a defense to an action thereon if proof is furnished within a reasonable time. Western Automobile Casualty Co. v. Lee, 246 Ky. 364, 55 S. W. (2d) 1; Yorkshire Insurance Co. v. Kirtley, 243 Ky. 162, 47 S. W. (2d) 922; National Union Fire Ins. Co. v. Hall, 233 Ky. 337, 25 S. W. (2d) 738; Dixon v. German Insurance Co., 11 Ky. Law Rep. 1001.

An entirely different rule prevails, however, if the giving of notice or furnishing proof of loss is made a condition precedent to liability or if a forfeiture is provided for in the policy, in the event they are not given within the time specified therein. In all recent cases involving policies containing provisions of this character, it has been held in harmony with the general trend of authority that notice or proof shall be furnished within the time specified in the policy contract. Mutual Life Ins. Co. of N. Y. v. Smith, supra; Staples v. Continental Ins. Co. of N. Y., 223 Ky. 842, 5 S. W. (2d) 265; Federal Life Ins. Co. v. Holmes' Committee, 232 Ky. 834, 24 S. W. (2d) 906; Prudential Insurance Co. v. Dismore, 254 Ky. 725, 72 S. W. (2d) 433; Insurance Company of North America v. Sumner, 234 Ky. 340, 28 S. W. (2d) 14; Home Ins. Co. of N. Y. v. Johnson, 226 Ky. 514, 11 S. W. (2d) 415; Dunning v. Continental Ins. Co., 254 Ky. 368, 71 S. W. (2d) 995; Home Owned Stores v. Standard Accident Insurance Co., 256 Ky. 482, 76 S. W. (2d) 273; Brotherhood of Railroad Trainmen v. Woods, 256 Ky. 613, 76 S. W. (2d) 911. For an elaborate discussion and citation of authority concerning the effect of these various provisions in policies, see Standiford v. American Insurance Co., 208

Ky. 731, 271 S. W. 1042. It will be noted, however, that many of these cases hold that the requirement concerning notice or proof of loss may be waived by the insurer or its conduct may be such as will work an estoppel against pleading or relying upon the failure of the insured to comply with the provisions of the contract with respect to furnishing notice or proof.

In Fidelity & Casualty Co. v. Hart, 142 Ky. 25, 133 S. W. 996, 998, it is said:

"It may be conceded that where the policy of insurance requires the giving of notice of injury or illness, and specifies a time certain within which the notice must be given, the condition will be enforced. What the parties to the contract have themselves written down in it as an essential ingredient of a basis for a claim under it may be regarded by the courts as of the essence of the contract, for it may not be assumed that the parties would have entered into the engagement otherwise. There is no prohibition against their contracting for limited liability, or for liability of the insurer conditioned upon the other party's compliance with specified requirements of the contract."

This was cited with approval in Brotherhood of Railroad Trainmen v. Woods, supra.

Under the quoted provisions of the supplementary contract, it was specified that written notice of the claim thereunder should be furnished to the company during the continuance of the total disability, otherwise the claim would be invalid, but provided further that if it was not reasonably possible to give notice within such time, it should be given as soon as was reasonably possible. Appellee does not claim that it was not reasonably possible for him to have given notice of his claim during the continuance of his disability, nor does he attempt to excuse his failure so to do within the period of more than 3 months after the termination of his disability on the ground that he was mentally or physically incapable or otherwise prevented from giving notice  The only excuse he offers was that he did not understond the provision of the policy and was laboring under the impression that he could not recover for temporary total disability, but that to entitle him to recover, the disability should be permament and con-

tinuous. There is an absolute failure of proof to show that the insurer waived the provisions of the policy with respect to giving notice or of any conduct upon its part or the part of its agents that would estop it from relying upon such provisions. It is true that the local agent knew that appellee was in a hospital in Louisville since he sent notice of the premium due September 3, 1931, either to appellee or to his wife at the hospital in Louisville, but there is nothing to show that he knew the nature or probable duration of appellee's illness. Newspaper and other reports of appellee's illness were certainly not sufficient to carry notice to appellant, and there is no evidence whatever that appellant's agent or agents at Bowling Green or elsewhere by act or deed misled appellee or caused him to refrain from making proof in accordance with the terms of the policy.

It may be true, as argued by appellee, that appellant was not prejudiced by the delay, but in order to fix liability upon it, compliance with the terms of the provisions of the policy was essential regardless of whether noncompliance prejudiced the insurer. Jefferson Realty Co. v. Employers' Liability Assur. Corporation, 149 Ky. 741, 149 S. W. 1011.

Since it is clearly manifest from the evidence that appellee failed to give notice within the time specified in the policy and no valid reason or excuse has been shown for his delay, it follows that under the authorities cited the court erred in not sustaining appellant's motion for a directed verdict.

Judgment reversed and cause remanded for proceedings consistent with this opinion.