## STRAUB v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 521.

District Court, W. D. Kentucky, Louisville Division.

July 29, 1943.

C. Maxwell Brown, of Louisville, Ky., for plaintiff.

Lee Blackwell and Bullitt & Middleton, all of Louisville, Ky., for defendant.

MILLER, District Judge.

This action is to recover disability benefits under a policy of insurance issued by the defendant, Mutual Life Insurance Company of New York, to the insured Marcella T. Straub on July 6, 1926.

By the policy in question the defendant insured the life of Marcella T. Straub in favor of the insured's mother Theresa C. Straub in the amount of $2,500. By Section 3 of the policy monthly benefits of $25 per month were provided in the event of total and permanent disability before age 60. It further provided that if the disability of the insured was the result of insanity the income payments would be payable to the beneficiary instead of to the insured. The following provision, which is under consideration in this case, controlled the time when the benefits became effective:

"When Benefits become Effective.—If, before attaining the age of sixty years and while no premium on this policy is in default, the insured shall furnish to the Company due proof that he is totally and permanently disabled, as defined above, the Company will grant the following benefits during the remaining lifetime of the insured so long as such disability continues.

"Benefits. (a) Income.—The Company will pay a monthly income to the insured, during the continuance of such disability, of the amount stated on the first page hereof ($10 per $1,000 face amount of policy), beginning upon receipt of due proof of such disability.

"(b) Waiver of Premium.—The Company will also, after receipt of such due proof, waive payment of each premium as it thereafter becomes due during such disability."

The policy also carried on its reverse side a paragraph headed "Supplementary Benefits to Section Entitled 'Benefits in Event of Total and Permanent Disability before Age 60.'" This provided as follows:

"Benefits if Proof Delayed and no Premium in Default.—If, while no premium is in default, the proof furnished the Company under the section providing for 'Benefits in Event of Total and Permanent Disability before Age 60' is such as to entitle the insured to the Disability Benefits provided for therein, and if due proof is also furnished the Company that such disability has been continuous since its beginning, the Company will;

"(a) Begin the monthly income payments provided for in such section as of the end of the first completed month of such disability if earlier than the date of receipt of such proof instead of as of the date of receipt of such proof, and,

"(b) Return any premium due after the beginning of such disability which has been paid during the continuance thereof."

The issuance of the policy was caused by the insured's father, who paid the initial and all succeeding premiums and who kept possession of the policy with other valuable papers during his lifetime. The father died on March 7, 1942, following which the policy came into the possession of the insured's mother. For some years prior thereto the insured had been mentally unsound and on May 27, 1941, had been adjudicated a lunatic by order of the Jefferson Circuit Court. Although the mother knew of the existence of the policy with respect to its life insurance feature, she did not know of the disability benefits until she read them in the policy after her husband's death. Upon learning of their existence the mother filed proof of claim with the Insurance Company on May 2, 1942, claiming total and permanent disability on the part of the insured on and after August 1, 1931. The Insurance Company thereupon conceded liability under the policy for the period on and after May 21, 1941, but not prior thereto, and has discharged that liability by the proper payment to the plaintiff herein. This action seeks to recover the benefits provided by the policy for the period of August 1, 1931, to May 21, 1941. The question of whether or not total and permanent disability existed prior to May 21, 1941, was tried before a jury which returned a special verdict to the effect that the insured Marcella T. Straub became totally and permanently disabled in accordance with the terms of the policy herein sued upon in August 1931. Before the rendition of the verdict the defendant moved for a directed verdict in its favor on which motion the Court reserved action. Following the verdict the defendant renewed its motion and also moved for judgment in its favor. The defendant contends that the delay in filing proof of disability barred any recovery for the period prior to May 21, 1941. The case is before the Court on those motions.

The defendant claims that under the policy provisions above referred to the furnishing of "due proof" is a condition precedent to the creation of liability for disability benefits, and that the requirement that "due proof" be furnished means that proof of disability must be filed within a reasonable time after the commencement of the disability. The defendant relies chiefly upon the decision in Spratley v. Mutual Benefit Life Ins. Co., 11 Bush, Ky., 443, which laid down the rule that notice and proof of claim should be given as soon as it is reasonably possible to do so, and that the Statute of Limitations will begin to run against such a claim within a reasonable time after the happening of the event relied upon. The defendant stresses the fact that in this case the required proof of disability was not furnished until 10 years and 9 months after the commencement of the disability insured against.

It is well settled in Kentucky that under policy provisions such as are under consideration in the present case the furnishing of due proof of claim to the Insurance Company is a condition precedent to the right to collect; that if the policy requires the giving of notice or the furnishing of proof "immediately" or "forthwith" these terms mean within a reasonable time, and that the failure to give notice or furnish proof within a reasonable time is fatal unless the furnishing of proof or notice is waived; that where the policy provides that proof shall be made within a given time there can be no recovery unless the proof is made within the time specified; that if the giving of notice or furnishing of proof is made a condition

832

precedent to liability on the part of the insurer, or a forfeiture is provided for if they are not given, then notice or proof must be given in accordance with the terms of the policy contract. Ætna Life Ins. Co. v. Bethel, 140 Ky. 609, 616, 617, 131 S.W. 523; Mutual Life Ins. Co. v. Smith, 257 Ky. 709, 722, 79 S.W.2d 28; Prudential Ins. Co. v. Kendrick, 262 Ky. 297, 302, 90 S.W.2d 52. Under some circumstances, where the requirement of notice within a limited time can not be complied with and its enforcement would work a hardship that would be contrary to public policy, even this strict rule is somewhat relaxed. Maryland Casualty Co. v. Burns, 149 Ky. 550, 554, 149 S.W. 867; Federal Life Ins. Co. v. Holmes' Committee, 232 Ky. 834, 24 S.W.2d 906. It has been held that in such cases as require proof within a reasonable time, what is a reasonable time depends upon the circumstances and conditions of each case. Ætna Life Ins. Co. v. Bethel, supra. See Spratley v. Mutual Benefit Life Ins. Co., supra. This case might well fall within these exceptions to the general rule, in that the present plaintiff had no knowledge of the claim herein sued upon until shortly before filing the required proof and the delay under the circumstances was not unreasonable. But it does not appear necessary for the plaintiff to rely upon that principle of law. In the present case there is no requirement in the policy that the giving of notice or the furnishing of proof be done, "immediately" or "forthwith" or within a given time; nor does the policy expressly provide that the giving of notice or furnishing of proof is a condition precedent to liability on the part of the insurer. On the contrary, it merely provides that "if * * * the insured shall furnish * * * due proof that he is totally and permanently disabled" the company will pay the benefits during the remaining life time of the insured. This is essentially the same as the policy provisions considered by the Court, in Mutual Life Ins. Co. v. Smith, supra, Prudential Ins. Co. v. Kendrick, supra, and Horn's Adm'r v. Prudential Ins. Co., 252 Ky. 137, 143, 65 S.W.2d 1017, where it was held that time for proof was not of the essence of the contract, that the insurer is without right to and can not complain of the insured's delay in furnishing proof of disability, in the absence of a policy provision providing a forfeiture, or limiting the time therefor; and that the requirement respecting the furnishing of the proof of disability is not a condition precedent to liability but only a condition precedent to the right to collect, or compel the payment of, the disability benefit. In Mutual Life Ins. Co. v. Smith, supra, there was a delay of more than 6 years after the commencement of the disability in furnishing proof of disability, yet the Court held that this was not unreasonable or a bar to an action for benefits thereafter in the absence of any policy provision requiring proof either immediately or within a specified time. In Prudential Insurance Co. v. Kendrick, supra, proof of disability was not received until almost 5 years after the disability began, and the Court likewise held that in the absence of a specific time for filing such proof the delay was not a bar to collecting disability benefits thereafter. Spratley v. Mutual Benefit Life Ins. Co., supra, relied upon by defendant, involved a death claim rather than a disability claim, and for that reason is probably not in conflict with the rulings in the three cases above referred to. The exact policy provisions are not given in the published opinion. Whatever conflict may exist must be resolved in favor of the later cases.

■ The defendant contends, however, that in the cases referred to the Court limited liability to the period following the filing of necessary proof, and that if the ruling is to be followed in this case it necessarily means the dismissal of the action which seeks to recover only liability benefits prior to the filing of proof. This would be the necessary result if our consideration was limited to the provisions of Section 3 of the policy entitled "Benefits in Event of Total and Permanent Disability Before Age 60." But the present policy carries on its reverse side a paragraph providing for "Supplementary Benefits to Section Entitled 'Benefits in Event of Total and Permanent Disability before Age 60.'" These supplemental benefits specifically provide for payment where proof is delayed and obligate the Company to begin the monthly income payments "as of the end of the first completed month of such disability if earlier than the date of receipt of such proof instead of as of the date of receipt of such proof." This would seem to be a specific recognition of liability for the period prior to the filing of proof, which would not otherwise exist under the authorities above referred to.

Since this provision carries no limitation in the length of time that the proof may be delayed and specifically provides for the liability to relate back to the first completed month of such disability, it follows that the plaintiff's case falls squarely within the provisions of these supplemental benefits relating to situations where filing of proof has been delayed.

The defendant's motions for a directed verdict and for a judgment in its favor notwithstanding the verdict are overruled.