## PATTERSON v. NATIONAL LIFE & ACCIDENT INS. CO.

### No. 11031.

United States Court of Appeals
Sixth Circuit.

Aug. 17, 1950.

Marion Rider, Frankfort, Ky. (Leslie W. Morris, Frankfort, Ky., on the brief), for appellant.

Frank M. Dailey, Frankfort, Ky., for appellee.

Before HICKS, Chief Judge, SIMONS and MILLER, Circuit Judges.

MILLER, Circuit Judge.

On November 11, 1925, the appellee, The National Life & Accident Insurance Company, issued to Dr. John Patterson of Frankfort, Kentucky, its life insurance policy in the amount of $10,000. The policy also carried a "Total and Permanent Disability" provision which relieved the in-

sured of the payment of premiums under certain conditions. Whether such conditions were complied with on behalf of the insured is the question herein involved.

The "Total and Permanent Disability" provision provided as follows:

"In consideration of the continuance of policy No. 64443 on the life of John Patterson, the Company agrees to pay for the Insured the premiums thereafter becoming due thereon, if the Insured, before attaining the age of sixty years, after paying at least one full annual premium and before default in payment of any subsequent premium, shall furnish satisfactory proof to the Company at its Home Office, accepted by it in writing, that he has become wholly and permanently disabled by bodily injury or disease, so that he is and will be for life continuously and wholly prevented thereby from performing any work or transacting any business, for compensation or profit, or from following any gainful occupation. * * *"

The insured became 60 years of age on November 25, 1937, after having paid all annual premiums due on the policy which was then in full force and effect. The insured died on October 20, 1947, and all premiums due and payable on the policy up to the time of his death were duly paid. The District Court found from the evidence that after October 1936 the insured was wholly and permanently disabled as defined by the disability provision of the policy.

Prior to November 25, 1937, when the insured became 60 years of age, no proof or notice to the Company was given in respect to the disability. Under date of September 18, 1940, a letter was written to the Company by the insured's secretary giving notice of his disability since October 1936 and asking advice as to the necessary steps to secure disability benefits. The Insurance Company denied liability on the ground that the notice of disability required by the policy had not been given. This action was thereafter filed by the Executrix of the Estate of Dr. Patterson to recover the annual premiums of $341.00 paid on November 11, 1936 through November 11, 1946 with interest. The District Judge, hearing the case without a jury, dismissed the action, from which ruling the executrix has appealed.

The appellant contends that the giving of notice of disability was merely a condition precedent to her right to receive payment, rather than a condition precedent to liability, and that such notice, even if given after the insured became 60 years of age, was sufficient. She relies upon Aetna Life Ins. Company v. Bethel, 140 Ky. 609, 131 S.W. 523; Prudential Ins. Company v. Kendrick, 262 Ky. 297, 90 S.W.2d 52; Mutual Life Ins. Company v. Smith, 257 Ky. 709, 79 S.W.2d 28; Straub v. Mutual Life Ins. Company, D.C.W.D.Ky., 50 F. Supp. 829, and other similar Kentucky cases.

The appellee contends that under the specific provisions of the policy herein involved proof of disability must be furnished to it before the insured became 60 years of age as a condition precedent to liability, and in the event it is not furnished within the time so specified the claim is invalid and can not be enforced. It relies upon Metropolitan Life Ins. Company v. Nusz, 261 Ky. 281, 87 S.W.2d 607, and other similar cases. The Kentucky authorities dealing with the problem are referred to and reviewed in the opinions in the cases hereinabove referred to.

■ A consideration of the Kentucky authorities shows that each case is controlled by the particular wording in the policy involved, and that many of them involving materially different policy provisions from those in the present case are not applicable. Accordingly, we can dismiss from consideration such cases as Aetna Life Ins. Company v. Bethel, supra, which turned upon the meaning and effect of the policy provision that "immediate" notice be given. Likewise such cases as Prudential Ins. Company v. Kendrick, supra, are not applicable, because in such cases the liability of the Company under the policy provisions therein involved was conditioned "upon receipt of due proof of such disability" without any requirement that such proof be given within any specified period of time after the occurrence of such disability.

■ We agree with the District Judge that the policy provision in this case makes furnishing the required proof before the insured became 60 years of age a condition precedent to liability, that the ruling in Metropolitan Life· Ins. Company v. Nusz, supra, is applicable, and that failure to furnish such proof before the insured reached 60 years of age prevents any recovery. As pointed out by the District Judge, the language used in the policy is clear, explicit and unambiguous. No other conclusion seems reasonably possible without doing violence to the plain meaning of the language used. See also Prudential Ins. Company v. Allen, 294 Ky. 553, 172 S.W.2d 54, 55. As stated in that case, "Obviously the purpose of the provision was to afford the company an opportunity to investigate the insured's alleged disability within a reasonable time from its inception, and thus avoid liability for the payment of a claim which an examination of the insured might have disclosed was groundless."

We do not think that Mutual Life Ins. Company v. Smith, supra, cited by appellant, is authority to the contrary, although a casual reading thereof might so indicate. The policy provision therein involved is very similar to the one in the present case. However, the ruling was based almost entirely upon the fact that the policy provision should be construed in connection with the paragraph heading immediately above it and reading "Benefits in the Event of Total and Permanent Disability Before Age 60." Under such circumstances, the Court declined to give to the policy provision the normal meaning which it otherwise had. In the present case, the paragraph heading is merely "Total and Permanent Disability" thus removing the case from the scope of the ruling in Mutual Life Ins. Company v. Smith. In any event, both Metropolitan Life Ins. Company v. Nusz, supra, and Prudential Ins. Company v. Allen, supra, were decided subsequent to Mutual Life Ins. Company v. Smith. It is also to be noted that in Mutual Life Ins. Company v. Smith the Court stated, 257 Ky. at page 715, 79 S.W.2d 28, that the policy provision providing for a waiver of premium was not involved and that cases cited by the Insurance Company in which the waiver of the premium clause was involved were not applicable. The present case involves only a waiver of premium. In this respect the case Pacific Mutual Life Ins. Company v. Paynter, 255 Ky. 669, 75 S.W.2d 335, is applicable. Straub v. Mutual Life Ins. Company, supra, presented a situation similar to that in Mutual Life Ins. Company v. Smith, in that the normal meaning of the policy provision was not accepted by the Court because of other policy provisions which were jointly considered.

■ The appellant also attempts to bring her case within the rule that the giving of notice within the time specified is not required if the faculties of the insured are so impaired, or he be so circumstanced that the giving of such notice is impossible. Maryland Casualty Company v. Burns, 149 Ky. 550, 149 S.W. 867; Federal Life Ins. Company v. Holmes' Committee, 232 Ky. 834, 24 S.W.2d 906. However, the District Judge found on this factual issue that the evidence was entirely insufficient to show that prior to November 25, 1937 the insured was insane or that his mental faculties or physical capacities were so impaired that it was not reasonably possible for him to give to the appellee proof of his disability, as required by the terms of his policy, or to arrange for and direct the giving of such proof. Our review of the evidence convinces us that this finding is not clearly erroneous and must be accepted on this review. Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A.

■■ The appellant also contends that the District Judge erred in overruling her motion to reopen the case for the purpose of taking, filing and considering the deposition of Dr. Jeffrey with reference to the physical and mental condition of the insured. Rule 59(a), Rules of Civil Procedure. Such testimony was not offered by the appellant when the case was tried and submitted. Whether additional testimony bearing on a factual issue shall be permitted by the Court to be taken and used after the case has been submitted is within the discretion of the trial judge. In the present case, appellant's request was not

748

made until after the District Judge had given his oral ruling on the factual issue involved. It was not newly discovered evidence. Under such circumstances, the ruling of the trial judge in refusing to consider the deposition of Dr. Jeffrey was not an abuse of his discretion. Blytheville Cotton Oil Company v. Kurn, 6 Cir., 155 F.2d 467, 470.

Judgment of the District Court is affirmed.