**J. INMON INSURANCE AGENCY, INC., Appellant,**

v.

**KENTUCKY FARM BUREAU MUTUAL INS. CO., Appellee.**

Court of Appeals of Kentucky.

Jan. 21, 1977.

William P. Swain, John C. McCord, Boehl Stopher Graves & Deindoerfer, Louisville, for appellant.

James A. Hall, Jr., LaGrange, for appellee.

Before LESTER, WHITE and HOGGE, JJ.

LESTER, Judge.

Kentucky Farm Bureau Mutual Insurance Company sued J. Inmon Insurance Agency to recover $9,500.00 that Kentucky Farm had paid in settlement of a claim against a policy which it had written after it had been assigned the obligation of coverage through the Kentucky Automobile Insurance Plan alleging that Inmon, the agency with which the insured had dealt in obtaining the policy, by not giving notice of the accident as soon as practical caused Kentucky Farm to make the settlement. The Circuit Court believed the case an appropriate one for summary judgment and ruled in favor of Kentucky Farm according to its impression of what law controlled. Since we take a different view of the nature of this case, we reverse.

The Court below reasoned that Kentucky Farm became potentially liable on the policy when the insured notified Inmon of the accident the next day because notice to Inmon constituted notice of an accident as soon as practical; therefore, Kentucky Farm acted reasonably in settling the claim within the policy limits of $10,000.00 since 106 days had already elapsed. However, Inmon had a duty to notify appellee of the occurrence of the accident within a reasonable time and Inmon's failure to so notify Kentucky Farm created a liability on the part of appellant to Kentucky Farm for the amount of the good faith settlement irrespective of whether the late notice prejudiced Kentucky Farm.

We find two flaws in this rationale. First of all, in order for notice to appellant to have been notice to Kentucky Farm and for Inmon to have had a duty to report the accident to appellee within a reasonable time, Inmon must have been an agent of the insurance carrier. Secondly, even if an agency relationship could be established, summary judgment would only be proper if Kentucky Farm need not show prejudice by the late notice.

Inmon had informed the insured, Gary Stutzenberger, of his need to obtain insurance through the Kentucky Automobile Insurance Plan because of his status as a high risk. Inmon assisted Stutzenberger in the preparation of an application for coverage and forwarded this application to the governing committee of the Plan. Kentucky Farm was assigned the risk and on June 2,

1970, issued its policy insuring Stutzenberger. On November 14, 1971, Stutzenberger had an accident in which his truck collided with a building which resulted in serious injury to his passenger, William C. Dabney. Stutzenberger's policy with Kentucky Farm remained in effect at the time of the accident. Stutzenberger notified Inmon of the accident a day afterwards, but appellee did not receive notice until Dabney's attorney contacted it in connection with compensation for his client's injuries some 106 days later. After receiving the notice of the accident, a claim representative of Kentucky Farm made no greater investigation of the accident than to talk with Stutzenberger and look at the police report, even though the police report suggested that Stutzenberger had been drinking. On August 1, 1972, Kentucky Farm paid $9,500.00 in settlement of the claim of Dabney.

Appellee takes the position that Inmon became the agent of appellee when it issued the policy to Stutzenberger. Kentucky Farm thus became liable on the policy as soon as Stutzenberger notified Inmon since notice to appellant amounted to notice to the carrier. Appellee cites *Mutual Benefit Health and Accident Association v. Smith*, 257 Ky. 288, 77 S.W.2d 957 (1934) as supportive of this proposition. In that case, the insurer appealed from a judgment in favor of the insured on the ground that the insured had misrepresented the condition of his health. The insured asserted estoppel by waiver of the agent who took the application. The insurer responded by pointing out that the person who took the application was not one of its authorized agents and argued that it could not be bound by the representations of someone who solicited applications for its authorized agent, but did not receive any authority from it. The court held that because the company accepted the services of the broker and wrote the policy it ratified the transaction and, therefore, became responsible for the act of waiver of the broker. We do not find this estoppel theory to be of assistance to us in the present case, especially when we consider that under the operation of the Plan

Kentucky Farm had no choice other than to issue the policy.

Although no Kentucky case discusses the question of whether notice to the insurance broker who sold the insurer's policy to the insured through an assigned risk plan, is notice to the insurer, several other jurisdictions have decided this point holding almost uniformly that in the absence of statutory authority or some special indicia of authority the assigned risk broker is the agent of the insured and not of the insurer and that notice to this broker is not notice to the insurer. *Employers Casualty Company v. Mireles*, 520 S.W.2d 516 (Tex.Civ.App.—San Antonio 1975); *Hannah v. State Farm Mutual Ins. Co.*, 403 F.2d 375 (6th Cir. 1968); *Yoshida v. Liberty Mutual Ins. Co.*, 240 F.2d 824 (9th Cir. 1957); *Iowa National Mutual Ins. Co. v. Richards*, 229 F.2d 210 (7th Cir. 1956); *Bradford Inc. v. Travelers Indemnity Co.*, 301 A.2d 519 (Del.Super. 1972); *Gabriel v. Attigliato*, 60 Misc.2d 536, 303 N.Y.S.2d 399 (Supreme Court of Rockland County, 1968); *Manufacturers Casualty Ins. Co. v. Hughes*, 229 Ark. 503, 316 S.W.2d 827 (1958). See also Appleman, Insurance Law and Practice, Section 8732; 43 Am.Jur.2d Insurance Section 149 (1969); 6 St. Mary's Law Journal 690; thus the broker had no obligation to the carrier including the serving of notice. We agree that this approach should be adopted in cases of this type but, we decline to decide whether such indicia of authority exists in this case or what would be the effect of such a finding on Inmon's liability to Kentucky Farm since this litigation was not focused on these questions. In any event, the finding of such indicia of authority will depend on the facts of the particular case and summary judgment, as in this case, will generally not be warranted.

The trial court's summary judgment in favor of Kentucky Farm rested in part on its belief that *Metropolitan Life Ins. Co. v. Nusz*, 261 Ky. 281, 87 S.W.2d 607 (1935) enabled appellee to recover from appellant without showing prejudice from late notice but *Metropolitan Life, supra*, refers to a different relationship and context than that

in the case with which we are presently concerned. That litigation stands for the principle that in order for the insured to collect on his policy he must comply with all the conditions of his insurance contract including the giving of timely notice. We do not have before us an insurer refusing to pay its insured because of breach of a contractual condition. The only possible basis on which Inmon could be liable would be for breach of its duty to Kentucky Farm as Kentucky Farm's agent. Even if this case had been one in which Inmon clearly was Kentucky Farm's agent, appellee could only recover to the extent that it could show damage. See *Aero Drapery of Kentucky, Inc. v. Engdahl*, Ky., 507 S.W.2d 166 (1974) and 43 Am.Jur.2d Insurance Section 169.

The judgment of the Circuit Court is reversed.

All concur.